UNITED STATES, Appellee

v.

BILLY KELLY WADE, Private First Class,
U. S. Marine Corps, Appellant

1 USCMA 459, 4 CMR 51

LCDR. Fredric T. Suss, USNR, for Appellant.
CAPT. Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was found guilty of two violations of Article 92, 50 USC § 686, and one violation of Article 86, 50 USC § 680, Uniform Code of Military Justice, and was sentenced to a bad-conduct discharge. Trial was by special court-martial.[1] The findings and sentence have been upheld on review, except that the general court-martial authority suspended the bad-conduct discharge. The Judge Advocate General of the Navy has certified the case to us on the question of whether the specifications laid under the first charge allege offenses in violation of Article 92, supra.

The specifications in question allege that the accused violated certain post regulations of the Marine Barracks, U. S. Naval Magazine, Port Chicago, California, in violation of Article 92 of the Code, supra. Article 92 provides in pertinent part as follows:

"Any person subject to this code who—(1) violates or fails to obey any lawful general order or regulation; or (2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the same; or . . . ."

Defense urges first that the specifications do not state an offense under Article 92(1), supra, since the regulation allegedly violated is not a "general order or regulation." Second, it is contended that the specifications cannot be

fitted under Article 92(2), supra, since they contain no allegation of knowledge of the order.

We have already examined this issue in some detail in United States v. Snyder (No. 409), 1 USCMA 423, 4 CMR 15, decided June 5, 1952. We reached there the conclusion that violations of camp regulations are included within Article 92(1), supra, and that it was not necessary in such a case to allege knowledge of the regulation. We perceive no reason for distinction between the post regulation here and the camp regulation involved in Snyder, supra. The question certified is answered in the affirmative.

Appellate defense counsel raises another issue, not contained in the certificate of The Judge Advocate General. It is urged that the accused's post-findings statement was inconsistent with his pleas of guilty to the specifications under the first charge and that these pleas should have been rejected. We have examined the statement closely and find no inconsistency. The regulation in question prohibits enlisted personnel on the post from keeping firearms in their possession. The statement of the accused admits possession of a pistol on the base but states that the accused did not intend to keep it there. Intent is not a material element of the regulation.

The statement is not, therefore, inconsistent with the plea of guilty. The question certified being answered in the affirmative, and there being no merit in

---

[1] CM 1–52–S–105

the defense contention as to statements inconsistent with the plea, the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.