UNITED STATES, Appellee

v.

LARRY J. MILLER, Sergeant First Class, U. S. Army, Appellant
2 USCMA 194, 7 CMR 70

No. 1021

Decided February 13 1953

LT. COL. James C. Hamilton, U. S. Army, and 1ST. LT. Thomas E. Cole, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST. LT. Richard L. Brown, U. S. Army, for Appellee.

### Opinion of the Court

PAUL W. BROSMAN, Judge:

A general court-martial convicted the accused of having been drunk on duty, of disrespect toward a superior officer, and—under two specifications—of willful disobedience of the command of a superior officer, violations respectively of the Uniform Code of Military Justice, Articles 112, 89, and 90, 50 USC §§ 706, 683, and 684. The convening authority approved the findings and sentence and a board of review has affirmed. Accused's petition for review by this Court was granted to consider the matters dealt with hereafter.

Accused contends here that the law officer erred to his substantial prejudice in failing to instruct the members of the court concerning the legal effect of intoxication and on the elements of lesser included offenses. As we have had occasion to say so frequently, the

law officer is required by the Code, supra, as well as by the Manual for Courts-Martial, United States, 1951, to instruct on the elements of those lesser included offenses which are fairly raised, by the evidence adduced at trial, as reasonable alternatives to the offense charged. The first question here then is whether the evidentiary picture developed at the trial raised lesser offenses as reasonable alternatives to those charged. For factual reasons, at least, this consideration, of course, has no relation to the charge and specification alleging that the accused was drunk on duty.

The record discloses that on the night the events here considered transpired the accused, Miller, was on ▮▮▮▮▮▮ ▮ duty as a mess sergeant. An Army captain entered the mess hall, where he found Miller leaning against a range with a flask of whiskey in his hand. Immediately on seeing the captain, accused began a grossly abusive and disrespectful oral attack on him. The captain ordered him to his quarters. He did not comply with this direction, but rather continued the tirade. Shortly thereafter the captain left the building, and the accused was induced by friends to return to his quarters. Later that evening, accused was the center of a further disturbance, which attracted the renewed attention and presence of the captain, who on this occasion directed that accused be taken to the stockade by jeep. When the vehicle was produced, accused was ordered into it by the captain, but refused to obey. Finally, through the assistance of several soldiers he was placed in the jeep by force and carried off. All witnesses testified to the intoxication—in various degrees—of the accused. That he *was* intoxicated in the opinion of the court-martial—in some degree, at least—is demonstrated by his conviction of the offense of being drunk on duty.

The law officer failed to give any instructions whatever as to the possible effect of intoxication in law, or concerning the possible presence of lesser included offenses. As we have observed in previous opinions, intoxication may exist to such an extent that the drunken individual is, at the time, incapable of forming a specific intent to do an act.

United States v. Drew (No. 422), 4 CMR 63, decided July 23, 1952; United States v. Wray (No. 1307), 6 CMR 26, decided October 10, 1952. This is in accord with recognized principles of law, civilian and military. Moreover, where a specific intent is a necessary element of an offense, the accused, if so intoxicated as to preclude the formation of such an intent, cannot lawfully be convicted of the offense, although he may, under proper circumstances, be convicted of a lesser offense of which specific intent is not a necessary ingredient. Here the two specifications of willful disobedience of the command of a superior officer—predicated on accused's failure to go to his quarters when directed to do so, and his subsequent refusal to obey the order to enter the jeep—required the specific intent connoted in the present crime by the term "willful." If Miller was so intoxicated at the time as to have been incapable of entertaining such an intent, he could not have been guilty of the offenses alleged. The determination of this question should have been submitted to the court-martial by the law officer under proper instructions as to the possible legal effect of intoxication, and as to the possibility of the presence of the lesser offense of failure to obey the lawful order of a superior officer proscribed in Article 92 of the Code, 50 USC § 686. Failure to do so was error, and quite clearly error in a prejudicial degree.

Furthermore, the possible effect of intoxication with regard even to the crime of failure to obey, ▮▮▮▮▮▮ ▮ and certainly as to disrespect toward a superior officer should have been spelled out. In each of these offenses it is essential that the accused have *known* that the individual whom he disobeyed, or toward whom he evidenced disrespect, was in fact a superior officer. Manual for Courts-Martial, supra paragraphs 168, 169b. If he was intoxicated to the point of ambulatory stupefaction, it might well be that he did not possess this requisite knowledge. We have not all overlooked the failure of defense counsel at the trial to request such instructions. However, where affirmative de-

**195**

fenses of this character are so closely related to the elements of ██ the offense or offenses charged, and are fairly raised by the evidence, the law officer is under an independent duty to give necessary and appropriate instructions, and a defense failure to request will not be held to constitute waiver. United States v. Drew, supra.

The decision of the board of review is reversed as to the convictions of disrespect toward a superior officer and of willful disobedience of the command of a superior officer. It is affirmed in so far as applicable to the conviction of having been drunk on duty. The record is returned to The Judge Advocate General, United States Army, for rehearing, for lesser offense reconsideration by the board of review, or for other action deemed appropriate and not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.