UNITED STATES, Appellee

v.

MORTON ARNOVITS, First Lieutenant, U. S. Army, Appellant

3 USCMA 538, 13 CMR 94

No. 1434

Decided December 18, 1953

LT COL George E. Mickel, U. S. Army, and LT COL James C. Hamilton, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Richard L. Brown, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

It is sufficient only to note here that the appellant stands before the bar of this Court convicted of failure to obey a lawful regulation, in violation of the Uniform Code of Military Justice, Article 92, 50 USC § 686; and under six specifications of making and uttering bank checks, and thereafter wrongfully and dishonorably failing to maintain a sufficient balance therefor—each a violation of Article 134 of the Code, supra, 50 USC § 728. This Court granted his petition for further review, limited, however, to two issues:

"1. Whether the instructions by the law officer on Charge II were sufficient.

"2. Whether the record required the law officer to instruct on lesser offenses under Charge IV."

## II

Charge II is that containing a specification alleging failure to obey a lawful regulation, in violation of Article 92 of the Code, supra. The regulation in question may be said to take the form of a subparagraph of Post Regulations, Headquarters, Artillery Center, Fort Sill, Oklahoma, together with an implementing directive, requiring—in substance—payment of all financial obligations before departing the station. In his instructions to the members of the court-martial with respect to the elements of this offense, the law officer totally omitted mention of knowledge of the regulation on the part of the accused—that is, he did not instruct the court that a finding that the accused had knowledge of the order was necessary for conviction. Was his failure to do so error? We believe that it was.

In United States v. Snyder, 1 USCMA 423, 4 CMR 15, we examined at some length the Code and the Manual provisions—and their historical antecedents—applicable to violations of orders and regulations. We concluded there that the sort of directives and regulations within the purview of Article 92 (1) of the Code, supra, included "orders ranging from those issued by a Department down to those promulgated by the commander of a post, ship or station." As observed in that case, knowledge in fact of a general order emanating from a Department, or territorial, theater, or similar area command, is irrelevant, for the reason that it is conclusively presumed. However, we also pointed out that in the case of orders of commands inferior to those just enumerated, knowledge is not presumed, but constitutes a matter for proof.

The regulation involved in the Snyder case was issued by the Post Commander, Camp Lejeune, North Carolina. That with which we are concerned here had as its source Headquarters, Artillery Center, Fort Sill, Oklahoma. Manifestly, they should be treated in the same manner. In Snyder we said: "Here, the law officer properly instructed the court that one of the necessary elements of proof was that the accused had knowledge, actual or constructive, of the camp regulation

**539**

allegedly violated." (Emphasis supplied). See also paragraph 154a(4) of the Manual, supra. The law officer here gave no such instruction. His failure cannot—consistently with *Snyder*—be treated other than as error. And, as this Court has ▮▮▮ established in a long line of cases, a failure to instruct on an element of the offense charged constitutes prejudicial error—in fact, a violation of "military due process." United States v. Clay, 1 USCMA 74, 1 CMR 74. The conviction under Charge II must, therefore, be set aside.

We should, perhaps, observe that our decision here is in no way bottomed on that in United States v. Simmons, 1 USCMA 691, 5 CMR 119. Appellate Government counsel have asserted that this Court there *held* that knowledge constitutes an element of the offense of willful disobedience of a lawful order of a superior officer proscribed by Article 90 of the Code, supra, 50 USC § 684. Such is not at all the case—as a careful reading of our opinion there will reveal. In any event, the offense and the problem there involved, and those before us here, are not necessarily the same.

Appellate defense counsel have argued that we are not here concerned with a general order applicable to all members of a command, for the reason that the directive of present interest had reference to student officers only. In other words, it has been suggested that we are dealing in this case with an alleged violation of Article 92(2), rather than of 92(1). In view of the conclusion we have reached on this branch of the case, it is not necessary that we deal with this question.

### III

Under Charge IV, the accused was alleged to have made and uttered six checks, with intent to deceive, not then intending to maintain sufficient funds in the drawee bank to meet them, and thereafter to have failed, wrongfully and dishonorably, to maintain funds therein to meet the same checks. The law officer, in his instructions, stated

the elements of the offenses charged, but gave no instructions on the elements of lesser included offenses. In its determinations, the court-martial convicted the accused, under the first four specifications, of only the lesser offenses of making and uttering the checks in suit, and thereafter wrongfully and dishonorably failing to maintain a sufficient bank balance to cover the checks uttered. However, it found the accused guilty as charged under the remaining specifications—those numbered 5 and 6. The board of review, in its turn, affirmed the findings of the court as to specifications 1 through 4. However, it did not concur in the findings of the court as to specifications 5 and 6, but affirmed only so much of the findings under these specifications as determined the guilt of the accused of the lesser offenses of making and uttering the checks, and wrongfully and dishonorably failing to maintain a sufficient balance to meet those involved. Accordingly, as the matter now stands, accused has been convicted, not of the six offenses charged, but of six lesser offenses—as delineated above.

### IV

Did the failure of the law officer to instruct on the elements of the lesser offenses constitute error? ▮▮▮ We have—on occasions without number—held that instructions as to lesser offenses need be given only where the lesser offense or offenses are fairly raised by the evidence adduced at the trial as reasonable alternatives to that charged. United States v. Miller, 2 USCMA 194, 7 CMR 70. In this case, from the factual conclusions of the court-martial and the board of review to the effect that accused had possessed no intention to deceive and no intention at the time of issuance not to maintain a sufficient balance in his account, it seems clear beyond peradventure that the lesser offenses *not* involving those elements, and of which accused now stands convicted, were fairly raised as reasonable alternatives to those charged. Indeed, we hold that they were. The law officer's dereliction was, therefore, error.

540

However, since the lesser offenses of which the accused stands ██ convicted were the *only* alternatives raised to the offenses charged, whatever prejudice resulted to the accused from the law officer's instructional omissions in this particular, has been removed by the action of the court-martial and the board of review. United States v. Baguex, 2 USCMA 306, 8 CMR 106; see United States v. Simmons, supra. The present case is not, we believe, within the principle of United States v. Clark, 1 USCMA 201, 2 CMR 107.

In accordance with the foregoing, the decision of the board of review with respect to Charge IV is affirmed. However, its decision as to Charge II is, for the reasons stated, reversed. The record is returned to The Judge Advocate General, United States Army, for rehearing as to Charge II, or remand to the board of review for consideration of further action not inconsistent with this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in that portion of the Court's opinion which deals with the failure of the law officer to give an instruction on knowledge as one of the elements of failure to obey a lawful regulation in violation of Article 92.

However, for the reasons set forth in my dissenting opinion in United States v. Gibson, 3 USCMA 512, 13 CMR 68, I dissent from the conclusion reached by the majority, namely, that the prejudice necessarily resulting from the law officer's failure to instruct on the lesser included offenses was purged by the action of the court-martial in finding on the lesser offenses, and by the board of review in affirming them. Here, again, the court-martial returned a finding of guilty of offenses on which it was unguided by instructions. Affirmance of such findings by a board of review and by us can do nothing more than perpetuate the prejudice flowing from the error.