UNITED STATES, Appellee

v

FRANKLIN E. ATKINSON, Sergeant, U. S. Army, Appellant

10 USCMA 60, 27 CMR 134

No. 11,426

Decided November 28, 1958

Captain Arnold I. Melnick argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel W. H. Blackmarr.

First Lieutenant Avram G. Hammer argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel John G. Lee, Major Thomas J. Nichols, First Lieutenant Jon R. Waltz, and First Lieutenant Frank J. McGee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of larceny and three other violations of the Uniform Code of Military Justice, and sentenced him to be dishonorably discharged from the service, to forfeit pay and allowances, and to be confined at hard labor for five years. The convening authority and the board of review affirmed the findings of guilty and the sentence. The case is before us on the accused's petition for grant of review.

The specification of Charge II alleges that from "about 1 July 1955 to 18 May 1957" the accused dishonorably failed to pay the "deficiency balance" on a debt due under a motor vehicle installment contract. The charge sheet is dated June 14, 1957, and it was received on that day by the officer exercising summary court-martial jurisdiction over the accused. On the premise that the offense occurred on the date the final installment was payable under the contract, namely, May 10, 1955, the accused contends the statute of limitations had run against the offense, and consequently he cannot be prosecuted for it. Article 43(c), Uniform Code of Military Justice, 10 USC § 843. The defense was not raised by motion or by argument at the trial. Instead, the accused, who was represented by a civilian lawyer and individually requested military counsel, testified he had paid the entire amount due at the time of purchase. The testimony strongly suggests that the defense disregarded the possible application of the statute to avoid any intimation the debt had, in fact, been incurred. In other words, it would appear that the failure to interpose the statute of limitations

**61**

was part of the defense trial tactics, rather than the result of a lack of awareness of the statute's applicability. Cf. United States v Shell, 7 USCMA 646, 23 CMR 110; United States v Taylor, 4 USCMA 232, 15 CMR 232, dissenting opinion by Chief Judge Quinn. However, we pass over that point to consider the substance of the accused's claim.

Mere nonpayment of a debt does not establish that the default is dishonorable. It must appear that nonpayment results from "deceit, evasion, or false promises, or the like." United States v Kirksey, 6 USCMA 556, 20 CMR 272. Hence, the civilian rule that the statute of limitations runs from the date the debt is due and payable is inapplicable. Here, the specification alleges that the default became dishonorable in the period from July 1, 1955, to May 18, 1957. It is apparent the pleader anticipated that proof of dishonor would not be established by a single act on a particular day but by several circumstances extending over a period of time. Indeed, we pointed out in United States v Cummins, 9 USCMA 669, 26 CMR 449, that the facts in each case will determine when a default in payment becomes dishonorable. From the facts in this case we cannot say, as we are urged to do by appellate defense counsel, that as a matter of law nonpayment was dishonorable at a time at least two years before June 14, 1957, the date the charges were received by the officer exercising summary court-martial jurisdiction. See United States v Swanson, 9 USCMA 711, 26 CMR 491. For example, the court-martial could find the accused perpetrated a deliberate untruth when he represented in 1956 that the car he purchased on the alleged installment contract was "fully paid for" and that there must be "some mistake" in the finance company's bookkeeping. An intentionally false disclaimer of the existence of a debt tends to show that a default in the payment of that debt is dishonorable. There is, therefore, no merit in the accused's claim that as a matter of law the statute of limitations barred prosecution for the offense charged.

In his second assignment of error the accused contends the evidence is insufficient to support the findings of guilty of Charge II. The contention draws its principal support from the earlier argument on the statute of limitations. Since we determined that issue against the accused, a full discussion of the point is unnecessary. Suffice it to add that the evidence shows several instances of deceitful conduct by the accused in regard to the debt which clearly supports the findings of guilty. United States v Cummins, supra.

The final assignment of error relates to Charge III and its specifications. One specification alleges that the accused told a criminal investigator he (the accused) had been advised he would receive "some hot information from Heidelberg." The second specification alleges the accused falsely represented to the criminal investigator that a civilian attorney had called the Vehicle Registration Section in Heidelberg and "located documentary evidence relative to the defense" and that the attorney had advised the accused not to take a lie detector examination. The specification in each instance alleges that the statement was "official." The evidence, however, shows unmistakably that the statements were made in the course of an investigation into the larceny of some $900 from a fellow-soldier, which investigation resulted in Charge I.

We pointed out in United States v Aronson, 8 USCMA 525, 25 CMR 29, that a statement is not "official" within the meaning of Article 107 when made by a suspect to a law enforcement agent in an investigation into an offense unrelated to any duty or responsibility imposed upon the suspect. United States v Washington, 9 USCMA 131, 25 CMR 393. Originally, the Government conceded error on the authority of the *Aronson* case but after our decision in United States v Reams, 9 USCMA 696, 26 CMR 476, it withdrew its concession of error and urged affirmance of the findings of guilty on the authority

of that case. In the *Reams* case the accused entered a plea of guilty. By his plea, the accused admitted that "his false statements were made to his superiors who were inquiring into a matter of official interest." United States v Reams, supra. There was no claim that the plea was improvident. Cf. United States v Welker, 8 USCMA 647, 25 CMR 151. It is apparent, therefore, that *Aronson* not *Reams* controls the present case.

The decision of the board of review as to Charge III and its specifications and the sentence is reversed. The findings of guilty of Charge III and the specifications thereunder are set aside and the Charges are dismissed. The record of trial is returned to The Judge Advocate General of the Army for submission to the board of review for reconsideration of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I am in agreement generally with that part of the Court's opinion which holds that prosecution of Charge II is not barred by the statute of limitations and that the evidence is sufficient to support the findings of guilt under that Charge. I dissent from the holding that the statements made to an official investigator under Charge III were not official. The reasons for this latter position are set forth in my opinion in United States v Washington, 9 USCMA 131, 25 CMR 393, and United States v Reams, 9 USCMA 696, 26 CMR 476.