UNITED STATES, Appellant

v

JACK W. KEELER, Basic Airman,
U. S. Air Force, Appellee

10 USCMA 319, 27 CMR 393

No. 12,140

Decided April 3, 1959

*Lieutenant Colonel James R. Thorn* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

*Major Dwight R. Rowland* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Sam F. Carter.*

## Opinion of the Court

HOMER FERGUSON, Judge:

By certificate of The Judge Advocate General of the Air Force,[1] we are asked to review the correctness of the board of review's dismissal of the charges against the accused on the ground that the specifications fail to allege an offense in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. Representative of the specifications in issue is the following:

"In that BASIC AIRMAN JACK W. KEELER, United States Air Force, 1503rd Air Base Squadron, did, at Tachikawa City, Japan, on or about 2 May 1958, violate a lawful general regulation, to wit: Paragraph 6a(3), Tachikawa Air Base Regulation 35–3, dated 28 February 1958, by being in Tachikawa City, Japan, without having in his possession a DD Form 345, Standard Pass."

A board of review held that the Tachikawa Air Base was not a major command. Consequently, the board concluded that the regulation promulgated by the command was not a "general order or regulation" within the

[1] Article 67(b), Uniform Code of Military Justice, 10 USC § 867.

meaning of Article 92, subsection (1). The board of review noted that the specifications did not allege the accused had knowledge of the regulations. See Manual for Courts-Martial, United States, 1951, Appendix 6c, Form 29, page 476. It held that the omission of such an allegation was a fatal defect and that the specification therefore did not allege an offense under Article 92, subsection (2). It based its determination upon the decision of this Court in United States v Bunch, 3 USCMA 186, 11 CMR 186. In that case we held that a specification which purports to charge a violation of an order emanating from a commander who has no authority to issue a general order is legally insufficient if it fails to allege the accused had knowledge of the order.

The Government contends the board of review erred in its conclusions. First, it argues that the command occupies "a substantial position in effectuating the mission of the service" (see United States v Brown, 8 USCMA 516, 25 CMR 20) and, therefore, is a major command with authority to promulgate general orders within the meaning of Article 92 (1) of the Uniform Code. The record of trial, however, indicates

that the command, at least at the time action was taken on this case, did not possess general court-martial jurisdiction. In the hierarchy of command, it is not one but many steps "removed" from Department of the Air Force level. From that standpoint, the command cannot be classed as an area command similar to an overseas theater or overseas or territorial department. United States v Stone, 9 USCMA 191, 25 CMR 453. Moreover, lacking general court-martial authority, the command does not even possess the normal indicia of a major command to which we called attention in the *Brown* case, supra, page 519. Clearly then, under either the narrow view or the broader approach of *Brown*, the board of review was correct in holding that the specification did not allege an offense under subsection (1) of Article 92, supra.

Relying upon the fact that we returned the *Brown* case to the board of review for reconsideration of the sentence, the Government maintains the specification is legally sufficient to state a violation of subsection (2), notwithstanding the absence of an allegation of knowledge on the part of the accused. The issue in the *Brown* case was whether the challenged order was a "general order" under subsection (1) or another "lawful order" under subsection (2). The sufficiency of the specification was not raised before us and we did not consider the question. The *Brown* case, therefore, does not contradict or represent a departure from our holding in the *Bunch* case. See United States v Posnick, 8 USCMA 201, 24 CMR 11. The board of review was thus correct in following the decision in *Bunch*.

For the reasons stated, the certified question is answered in the affirmative and the decision of the board of review is affirmed.

QUINN, Chief Judge (concurring in the result):

In my opinion, the accused's separation from the service by affirmative action terminated the proceedings. See my dissent in United States v Speller, 8 USCMA 363, 24 CMR 173. Accord-

ingly, I join in affirming the dismissal of the charges.

LATIMER, Judge (dissenting):

I dissent.

Unfortunately the opinion in the case at bar, written in answer to a certified question, instead of resolving any doubts on the issue referred to us, is only determinative of the instant proceeding. In view of the divergent approach of the three opinions, no law at all is established.

In my view, we must answer the certified question. And, since the author Judge reaches the merits, I must assume he is of the same belief. However, to prevent the services from being misled by the Court's tripartite approach, I invite attention to the clear language of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, and our decisions in United States v Zimmerman, 2 USCMA 12, 6 CMR 12; United States v Sippel, 4 USCMA 50, 15 CMR 50; United States v Speller, 8 USCMA 363, 24 CMR 173; and United States v Robertson, 8 USCMA 421, 24 CMR 231.

Turning now to the merits of the issue, my views concerning authority to issue general orders within the meaning of Article 92(1) of the Code, 10 USC § 892, are spelled out generally in my separate opinion in United States v Tinker, 10 USCMA 292, 27 CMR 366. I there noted that my colleagues appeared to be casting aside prior case law, but in view of the disposition in that instance the matter did not merit further discussion. In the case at bar, however, I deem it fair to state that the base opinion not only fails to follow our previous holdings which I believe should be controlling, but in fact indicates the author Judge would overrule them *sub silentio*. And, quite out of the ordinary, even though the principal opinion cites at least one of this line of cases, it pays no attention to its holding. I must, therefore, disagree with the result reached by the Court in this instance, and certainly I desire to point out that we leave military law in a state of confusion when the disposition ordered by

the Court affirms the decision of the board of review which is based upon a misinterpretation of our previous cases. Those who must work with our opinions should not be left to grope with uncertain or opposing concepts.

Only shortly after the Uniform Code became effective, we were confronted with cases involving the authority to issue general orders within the meaning of Article 92(1) of the Code, supra. In United States v Snyder, 1 USCMA 423, 4 CMR 15, our unanimous opinion announced that general orders included "those promulgated by the commander of a post, ship, or station," and we held therefore that an infraction of a regulation issued by the commander of Camp Lejeune, North Carolina, constituted a violation of Article 92(1), Uniform Code of Military Justice, supra. The Chief Judge, writing for a unanimous Court in United States v Wade, 1 USCMA 459, 4 CMR 51, affirmed the rule. And again in United States v Arnovits, 3 USCMA 538, 13 CMR 94, the three Judges were of one mind in applying that rule. During the same period we decided United States v Bunch, 3 USCMA 186, 11 CMR 186. In that case, too, we reached unanimity, and the author Judge, in the instant decision, refers to it with approval. I quite agree it furnishes valid authority for resolution of the present issue, and invite consideration of that holding. We there noted that in *Snyder*, supra, we had held that the commander of a post, ship, or station, could issue general orders, and then made the following statement:

"The ruling in that case would be controlling in the present instance if it were not for the fact that after the case was tried subsequent regulations were promulgated by the Secretary of the Navy and the issuance of general orders was restricted to higher commanders."

Manifestly, the holding of *Bunch*, then, is that the commander of a ship—in that instance a destroyer—was, under the law, fully competent to issue general orders except for the restriction imposed by superior authority. It should cause little wonder, then, that I

322

find support for my position in the very case upon which the base opinion finds the board of review properly relied. Turning to later cases, as recently as United States v Stone, 9 USCMA 191, 25 CMR 453, which my associate cites —and I note that opinion too was, as indeed is this entire line of cases, agreeable to all members of the Court— we referred with approval to *Snyder* and *Arnovits*, supra. See also United States v Statham, 9 USCMA 200, 25 CMR 462.

Our prior decisions, then, lead ineluctably to the conclusion that the commander of a post, ship, or station has authority to issue general orders. And parenthetically I note that support for this proposition may be found in current service regulations, for AR 310–110B, January 18, 1955, paragraph 6*j*, notes that general orders are used, inter alia, to "Announce post or garrison regulations."

The author Judge in this instance, however, seems content to gloss over this line of authority and apparently would adopt some new test purportedly founded on United States v Stone, supra, and United States v Brown, 8 USCMA 516, 25 CMR 20. Certainly *Stone* affords him no support, for the holding there is concerned only with whether knowledge is an element of the offense where general orders emanate from a certain level. It does not involve a ruling on authority to issue all general orders except that by necessary inference obviously a commander of the Department, Territorial, theater, or similar area level may do so. The rationale of the principal opinion necessarily boils down, then, simply to whether the commander in question possessed general court-martial jurisdiction. That test, of course, is specious, for *Brown* to me is not predicated upon that basis, and under that yardstick a commander of a Naval station would possess authority not granted to any Army or Air Force station commander. See Article 22, Uniform Code of Military Justice, 10 USC § 822. Moreover, under the last-cited Article, a Secretary of a Department can clothe any commander with general court-martial jurisdiction. Under the theory

of the author Judge, then, Article 92 (1) becomes as variable as the fancy of a Secretary. In addition, the rationale of my associate flies in the face of United States v Bunch, supra, for I am sure that, to say the least, it would be highly unusual, if I may be permitted to borrow a word, for the "skipper" of a small ship to be vested with general court-martial jurisdiction. Yet, in *Bunch* we specifically held that such a commander would indeed be empowered to promulgate general orders but for the restriction imposed by the Secretary of the Navy, and surely we were fully aware of the destroyer commander's obvious lack of general court-martial jurisdiction. Accordingly, my brother has no valid basis for a test linking authority to issue general orders, within the meaning of Article 92(1), with general court-martial authority.

Having demonstrated what I believe to be the misconceptions in the reasoning of the base opinion, I turn now to a short development of my own views. I would continue to follow the line of our prior cases under which, as we have previously seen, base commanders are empowered to issue general orders. United States v Snyder, supra; United States v Wade, supra; United States v Arnovits, supra. Certainly the commander of Tachikawa Air Base meets that test. Moreover, I am confident no one will dispute that that command "occup[ies] a substantial position in effectuating the mission of the service," United States v Brown, supra. And no one has brought to my attention any order by superior authority proscribing issuance of general orders by this commander. United States v Bunch, supra. It necessarily follows, therefore, that the regulations in question were general, and hence that the specifications state offenses violative of Article 92(1) of the Code, supra.

Accordingly, I would answer the question certified to us by the Acting The Judge Advocate General of the Air Force, in the negative, and I would reverse the decision of the board of review.