UNITED STATES, Appellee

v

J. L. JEFFERIES, Airman Second Class,
U. S. Air Force, Appellant

12 USCMA 259, 30 CMR 259

No. 14,743

Decided March 31, 1961

*Colonel James L. Kilgore* and *Major William A. Crawford, Jr.,* were on the brief for Appellant, Accused.

*Colonel Merlin W. Baker* and *Captain Donald W. Brewer* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was found guilty of larceny of a record player, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was sentenced to a bad-conduct discharge, reduction to the lowest enlisted grade, confinement at hard labor for three months, and forfeiture of $30.00 per month for three months. Following affirmance by intermediate appellate authorities, we granted his petition for review.

Examination of the record of trial discloses that the prosecution was permitted to adduce testimony from an air police investigator concerning his opinion whether the accused intended to steal the property involved in the specification. This was prejudicial error. United States v Adkins, 5 USCMA 492, 18 CMR 116. The accused, however, judicially confessed to the lesser offense of wrongful appropriation. Accordingly, the foregoing errors do not require a complete reversal.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered, or the sentence may be reassessed on the basis of findings of guilty of wrongful appropriation.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

Accused judicially confessed taking

**259**

the record player, and thus the principal question left in issue was his intent. I agree that the investigator's testimony that the accused did not intend to return the property was incompetent, and manifestly the improper evidence went to the gravity of the offense. It should be pointed out, however, that accused was defended in this special court-martial not only by his appointed defense counsel, who was a qualified attorney, but in addition by individual counsel, a lawyer with some ten years' experience. But no objection was taken to the incompetent testimony, and there can be no doubt defense counsel was aware of its nature, for he immediately cross-examined the investigator on the basis for his conclusion and obtained the concession that it was based on speculation. Even then a motion to strike was not made. Ordinarily I would impose a waiver under those circumstances because when the evidence is considered in its totality, no miscarriage of justice would result. Cf. United States v King, 12 USCMA 71, 30 CMR 71. My associates, however, recently refused to invoke that doctrine in an equally clear situation in United States v Smith, 12 USCMA 127, 30 CMR 127. Once again they are apparently unwilling to do so, and no good purpose would be served by arguing the point further in this case. Accordingly, I concur in the result.