**UNITED STATES**

v.

**Airman Basic George A. FRANKLIN, FR 502–76–0387, 3403d School Squadron, Keesler Technical Training Center (ATC).**

**ACM S24532.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 29 June 1977.

Decided 9 Nov. 1977.

**636**

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Kenneth R. Powers, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a special court-martial with members, the accused was convicted, despite his pleas of not guilty, of two offenses of unauthorized absence, two of larceny, one of housebreaking, and one of wrongful possession of marihuana, in violation of Articles 86, 121, 130 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 930, 934. The approved sentence is a bad conduct discharge, forfeiture of $249.00 per month for three months and confinement at hard labor for three months.

Appellate defense counsel invite our attention to several errors alleged by the trial defense counsel in his reply to the staff judge advocate's review. See *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). We have carefully considered all such allegations and conclude that only two warrant discussion. The remainder are either without merit or were addressed by the staff judge advocate in his review and properly resolved adversely to the accused.

■ Initially, we are in accord with the staff judge advocate and appellate government counsel that the accused was properly confined prior to trial. We are specifically satisfied that the process was procedurally correct and that pretrial incarceration was necessary to assure the accused's presence at trial as required by Article 10, Code, supra. See *United States v. Heard,* 3 M.J. 14 (C.M.A.1977); *Courtney v. Williams,* 51 C.M.R. 260, 1 M.J. 267 (1976).

As pointed out by the staff judge advocate, the evidence presented to the hearing officer showed that the accused's performance was characterized by frequent failures to repair and to obey, and absences without leave. Attempted corrective actions included counseling, a reprimand and restrictions—once to the base and twice to the squadron area. The hearing officer and the commander were aware that the accused had been twice punished nonjudicially for absence without leave, had been informed of pending court-martial charges (one of which was for an unauthorized absence) and was under no form of restraint when he committed the final offense of the six for which he was tried, still another unauthorized absence, albeit of short duration.

It is true that upon the accused's return to military control following his final unauthorized absence, the commander imposed preventive detention without first resorting to various levels of moral suasion—the stepped process described in the *Heard* decision. However, we believe, with our sister Navy Court of Military Review in *United States v. Burke,* 4 M.J. 530 (N.C.M.R. 1977), that the Court of Military Appeals did not intend that *Heard* be interpreted as absolutely requiring a stepped

confinement process, in all but capital cases, no matter the circumstances. In the words of the Navy Court:

> Rather, *Heard* is taken to require the exercise of reasonable judgment in determination of pretrial confinement issues, bearing in mind society's need to protect itself, the need for the accused's presence at trial, and the complete undesirability and unlawfulness of unnecessary pretrial confinement.

Here, by dint of his repetitive pattern of unauthorized absences and failures to respond to corrective action, the accused demonstrated that restrictions or other conditions on release short of preventive detention would not suffice to assure his presence at trial. Hence, the decision to impose pretrial confinement was properly and judiciously arrived at and the eight days of incarceration preceding trial was, accordingly, lawful.

■ In the remaining issue for consideration, we agree with the trial defense counsel that the military judge erred in permitting a government witness to express his opinion that the accused's exculpatory statement concerning one of the two unauthorized absences was not the truth. In his review, the staff judge advocate recognized the error but concluded there was no prejudice to the accused. We concur with that conclusion.

During cross-examination by the defense counsel, the accused's commander testified that following the accused's return from the second of the two charged unauthorized absences, the latter told him he had been abducted by unidentified persons, taken to an unknown location, drugged, interrogated intermittently for approximately two days, drugged again and finally released. The accused further informed him that after being released by his abductors on Friday, he wandered around the local area during the weekend, and it did not occur to him to surrender himself to military control until the following Monday.

On redirect, the trial counsel asked the commander whether he believed the accused's story. Over defense objection, the commander was permitted to testify that he did not. He elaborated that the explanation given by the accused would have been "a little hard to swallow" had it originated with anyone he knew, but was especially unbelievable coming from the accused on the basis of his past performance and his failure to immediately return to military control following release by his alleged abductors.

■ If a serviceman, while in an authorized non-duty status, is prevented from returning to his place of duty at the prescribed time through no fault of his own, he has not committed the offense of absence without leave. See Manual for Courts-Martial, 1969 (Rev), paragraph 165; *United States v. Amie,* 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957); *United States v. Kuhn,* 28 C.M.R. 715 (C.G.B.R.1959). Thus, the accused's statement to his commander constituted, at least in principle, an affirmative defense to the unauthorized absence charge.

■ As a general proposition, the government is entitled to rebut in kind evidence introduced by the accused as to his good character for truth and veracity. Manual for Courts-Martial, supra, paragraph 138*f.* However, it may not present the opinions of witnesses bearing directly on essential elements of charged offenses or on affirmative defenses. Such evidence is considered incompetent because it usurps the ultimate function of the court members as the finders of fact. See *United States v. Parks,* 17 U.S.C.M.A. 87, 37 C.M.R. 351 (1967); *United States v. Sutton,* 15 U.S.C.M.A. 531, 36 C.M.R. 29 (1965); *United States v. Jefferies,* 12 U.S.C.M.A. 259, 30 C.M.R. 259 (1961). *United States v. Adkins,* 5 U.S.C.M.A. 492, 18 C.M.R. 116 (1955); *United States v. Grant,* 10 U.S.C.M.A. 585, 28 C.M.R. 151 (1959).

Here, the opinion testimony elicited by the trial counsel did not qualify as proper rebuttal evidence. Instead, it impacted directly on the ultimate issue of the credibility to be accorded the accused's exculpatory statement, a matter within the exclusive domain of the fact finders.

The staff judge advocate found that the accused could not have been prejudiced by the admission of the opinion evidence because the commander's disbelief of the accused's explanation was officially manifested by his pretrial act of charging the accused with the unauthorized absence, a circumstance announced to the court members at the outset of the trial. We find the reviewer's reasoning persuasive. In light of that factor, the erroneously received opinion exerted little, if any, independent impact on the fact finders. Of additional pertinence, our review of the commander's testimony discloses that his disbelief of the accused's explanation was initially indicated in response to a question posed by the defense counsel. Specifically, the commander testified that had the accused returned to the squadron on Friday and reported his abduction, he might have placed some credence in the story. The defense counsel did not object to the witness' response.

Finally, and perhaps of most significance to our determination that the accused suffered no prejudicial harm from the erroneously admitted opinion, the accused's exculpatory statement was, to say the least, inherently uncertain and improbable. It was also somewhat self-destructive. Given the highly dramatic content of the accused's tale of having been kidnapped, drugged and subjected to repeated interrogation over a two day period, it is highly unlikely that upon being released by his tormentors he would choose to postpone reporting the incident to military authorities for over two days. On that basis, and in further light of the absence of a single shred of evidence to corroborate the accused's explanation, we believe that the court members and all other reasonable persons would conclude, with or without benefit of the witness' opinion, that the accused's story was incredible and unworthy of belief. See *United States v. Sturmowski*, 10 U.S.C.M.A. 86, 27 C.M.R. 160 (1958); *United States v. Mardis*, 6 U.S. C.M.A. 624, 20 C.M.R. 340 (1956); *United States v. Brown*, 6 U.S.C.M.A. 237, 19 C.M.R. 363 (1955).

Turning to a corollary issue, the foregoing reasoning likewise persuades us that the military judge did not err in failing to instruct the court on the affirmative defense of physical inability to return to military control ostensibly raised by the accused's statement to his commander.

■ Affirmative defenses that are fairly raised by the evidence must be instructed on by the military judge on a *sua sponte* basis. *United States v. Stewart*, 20 U.S.C. M.A. 300, 43 C.M.R. 140 (1971); *United States v. Meador*, 18 U.S.C.M.A. 91, 39 C.M.R. 91 (1969); *United States v. Heims*, 3 U.S.C.M.A. 418, 12 C.M.R. 174 (1953); *United States v. Ginn*, 1 U.S.C.M.A. 453, 4 C.M.R. 45 (1952); *United States v. Miller*, 2 U.S.C.M.A. 194, 7 C.M.R. 70 (1953). Within this rule, an instruction may be required even where the sole source of the evidence is the testimony of the accused. *United States v. Evans*, 17 U.S.C.M.A. 238, 38 C.M.R. 36 (1967). The question of whether the accused's testimony is reasonable is generally not relevant to the judge's determination of whether to instruct; that question being best left to the judgment of the finders of fact under proper instructions. *United States v. Thomas*, 20 U.S.C.M.A. 249, 43 C.M.R. 89 (1971); *United States v. Jones*, 13 U.S.C.M.A. 635, 33 C.M.R. 167 (1963); *United States v. Benavidez*, 48 C.M.R. 354 (N.C. M.R.1973).

■ In our judgment, the accused's statement to his commander in the case at hand qualifies for an exception to the general rule of leaving the credibility of the evidence to the fact finders. As indicated, the accused's statement was inherently improbable and uncertain. Having exercised our Codal authority "[to] weigh the evidence, judge the credibility of witnesses and determine controverted questions of fact," * we find the accused's explanation to be sufficiently unworthy of belief to warrant a holding, and we so hold, that no affirmative defense was reasonably raised thereby, and thus, no instruction was required. See *United States v. Brown*, 6 U.S. C.M.A. 237, 19 C.M.R. 363 (1955).

* Article 66, Code, supra.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ARROWOOD, Judge, concur.