UNITED STATES, Appellee,

v.

Bradley W. GARDNER, Lance Corporal
U.S. Marine Corps, Appellant.

No. 67,105.
NMCM 90 2653.

U.S. Court of Military Appeals.

Argued April 8, 1992.
Decided Sept. 24, 1992.

For Appellant: *Lieutenant Robert G. Arrambide,* JAGC, USNR (argued).

For Appellee: *Lieutenant Kevin S. Anderson* (argued); *Colonel T.G. Hess,* USMC (on brief); *Commander Thomas W. Osborne* JAGC, USN.

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of two specifications of dishonorable failure to pay a just debt, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Consistent with appellant's pleas of guilty, the military judge also convicted him of unauthorized absence (AWOL) from November 27, 1989, to March 7, 1990, and making and uttering a worthless check, in violation of Articles 86 and 123a, UCMJ, 10 USC §§ 886 and 923a, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 90 days, "forfeiture of $200.00 pay for 3 months," and reduction to the lowest enlisted grade. The Court of Military Review, in an unpublished opinion, affirmed the findings and sentence, interpreting the forfeitures in accordance with *United States v. Johnson,* 13 USCMA 127, 32 CMR 127 (1962).

We granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY RE-VIEW ERRED IN AFFIRMING THE FINDINGS BELOW REGARDING CHARGE IV AND ITS SPECIFICA-TIONS WHERE THE EVIDENCE AT TRIAL ONLY DEMONSTRATED THE AMOUNT OF TIME THE DEBT WAS OUTSTANDING; THUS THE STATE OF THE EVIDENCE IS INSUFFI-

CIENT AS A MATTER OF LAW TO SUSTAIN FINDINGS OF GUILT TO THE OFFENSE OF DISHONORABLE FAILURE TO PAY JUST DEBTS.

Appellant purchased a television set from the Army–Air Force Exchange Service (AAFES), Honolulu, Hawaii, on November 13, 1988, and made a down payment of $39.00, leaving a balance of $340.00 to be paid in six monthly installments of $56.67. On November 19, 1988, he purchased a microwave from AAFES and made a $2.00 down payment, leaving a balance of $458.00, to be paid in six monthly installments of $76.33.

Appellant made no payments on either account in December 1988 and January 1989. On January 15, 1989, the command legal officer counseled appellant regarding the debts. Appellant told the legal officer he was taking measures to rectify the situation. Appellant signed a document which recited the past due debt, availability of financial assistance from the Navy Relief Society, and an understanding that failure to take corrective action could subject him to administrative separation or disciplinary proceedings. On January 25 and 26, 1989, letters were sent to appellant's commander by AAFES requesting assistance in collecting the debt.

Appellant made no payments in February 1989. On March 28, 1989, he made a single payment of $529.32, of which $305.32 was credited toward the microwave and $224.00 was credited toward the television set, leaving an aggregate balance of $268.68. He made no further payments in 1989. He was AWOL from November 27, 1989, to March 7, 1990. Charges were preferred upon his return from AWOL and referred to a special court-martial on March 26, 1990. In the two specifications alleging dishonorable failure to pay a just debt, the amounts alleged were $340.00, the amount due after appellant's initial down payment on the television set, and $458.00, the amount due after appellant's initial down payment on the microwave. On April 4, 1990, appellant purchased a bank check for $268.68, the balance due on the debt.

When the court-martial convened on April 17, 1990, the $268.68 payment was not reflected on AAFES records.

Appellant did not testify on the merits. He was convicted as charged.

■ The Government argues that appellant never intended to pay for the items and that he demonstrated a grossly indifferent attitude toward the debt, evidenced by his failure to respond to counseling by the legal officer, failing to keep his promise to the legal officer that he would "rectify the situation," and failing to respond to collection letters sent by AAFES through his commander. Appellant argues that the prosecution was required to affirmatively establish that he was able to pay, by producing his pay records or similar proof.

Paragraph 71c, Part IV, Manual for Courts–Martial, United States, 1984, provides:

> The failure to pay must be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations....The length of the period of nonpayment and any denial of indebtedness which the accused may have made may tend to prove that the accused's conduct was dishonorable, but the court-martial may convict only if it finds from all the evidence that the conduct was in fact dishonorable.

We have held that "[t]he mere failure to pay a debt does not show that the nonpayment is dishonorable. The fact that no payment has been made for a long time may have probative value, but it does not itself establish that the failure to pay is dishonorable." Where prosecution is based on the length of time a debt has been unpaid, we have ruled: "Other circumstances ... are required to show that the length of time is attributable to guilty rather than innocent causes....A finding based on that single equivocal circumstance cannot stand." *United States v. Cummins*, 9 USCMA 669, 674, 26 CMR 449, 454 (1958).

■ The facts in each case will determine when a default in payment becomes dishonorable. *United States v. Atkinson*, 10 USCMA 60, 62, 27 CMR 134, 136 (1958). In this case, the prosecution presented no evidence of appellant's financial situation. There is no evidence that appellant's promises to the command legal officer were deceitful, evasive, or false. To the contrary, after promising the legal officer in mid-January that he would "rectify the situation," he paid two-thirds of the debt in March. There is no evidence of deliberate nonpayment or of a grossly indifferent attitude toward the debt. The evidence shows only a failure to make timely payments.

We hold that evidence in this case is not legally sufficient to prove that appellant's failure to pay was dishonorable. As we previously said, "Unless the failure to liquidate an obligation was characterized by some act of willful evasion, bad faith, or false promise, the conduct is not regarded as dishonorable—and therefore not an offense under the Uniform Code." *United States v. Kirksey*, 6 USCMA 556, 560, 20 CMR 272, 276 (1955), *citing United States v. Walden*, 15 CMR 654 (AFBR 1954), and *United States v. Arnovits*, 8 CMR 313 (ABR 1952); *see* 3 USCMA 538, 13 CMR 94 (1953)—dealing with other offenses in that case.

The decision of the United States Navy–Marine Corps Court of Military Review as to Charge IV and its two specifications and the sentence is reversed. The findings of guilty thereon and the sentence are set aside. Charge IV and its two specifications are dismissed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on the sentence based on the remaining findings of guilty may be ordered.

Judge WISS concurs.

COX, Judge (concurring):

With all due respect to my dissenting colleagues, I find the principal opinion persuasive. We should not turn the Military Justice System, including Article 15, Uniform Code of Military Justice, 10 USC § 815, into a collection agency for AAFES.

SULLIVAN, Chief Judge (dissenting):

I respectfully dissent. In the record of trial, I find that there was sufficient evidence of dishonor in the conduct of appellant to warrant conviction for dishonorable failure to pay a just debt under Article 134, Uniform Code of Military Justice, 10 USC § 934. *See generally Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Hart*, 25 MJ 143 (CMA 1987), *cert. denied*, 488 U.S. 830, 109 S.Ct. 85, 102 L.Ed.2d 61 (1988). The record shows:

1. Appellant purchased the items in question in November 1988 on a 6-month installment plan.

2. He failed to make any of the scheduled payments specified in his contract with the Army & Air Force Exchange Service (AAFES) in December 1988 or January and February 1989.

3. The command legal officer counseled appellant regarding his debts on January 15, 1989.

4. Appellant failed to respond to collection letters.

5. In November 1989, appellant began a period of unauthorized absence without satisfying his AAFES debt.

6. It took appellant roughly 18 months to pay his 6-month debt to AAFES, and that final payment was made just after the day of trial.

In view of *United States v. Cummins*, 9 USCMA 669, 26 CMR 449 (1958), appellant's failure to pay the AAFES debt over an 18-month period had some probative value on the question of dishonorableness of his conduct. Moreover, in *United States v. Kirksey*, 6 USCMA 556, 560, 20 CMR 272, 276, "willful evasion, bad faith, or false promise" were found to be factors showing dishonor. Here appellant willfully evaded his debt not only when he failed to make the scheduled payments but also when he went on unauthorized absence. Furthermore, he made a false promise when he assured the legal counselor that he would rectify the AAFES debt. Finally,

appellant's general indifference to his financial situation was another circumstance indicating dishonor. *See generally United States v. Atkinson*, 10 USCMA 60, 27 CMR 134 (1958).

I also note that inability to pay is an affirmative defense to this charge, the burden of raising that defense being upon the defense. *See generally Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). Appellant did not raise his inability to pay as a defense at trial, so he should not now be allowed to rely upon it.

On the record in this case, viewing the evidence in the light most favorable to the Government, *Jackson v. Virginia* and *United States v. Hart*, both *supra*, I would affirm.

CRAWFORD, Judge (dissenting):

This case really involves allocating burdens of proof and burdens of persuasion in criminal cases. It is uniformly agreed that at trial the ultimate burden of proof as to the essential elements of the offense charged is with the Government. *United States v. Carll*, 105 U.S. (15 Otto) 611, 26 L.Ed. 1135 (1882); *cf.* Art. 51(c)(4), Uniform Code of Military Justice, 10 USC § 851(c)(4); RCM 920(e)(5)(D), Manual for Courts–Martial, United States, 1984. As the Supreme Court stated in *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *See also Patterson v. New York*, 432 U.S. 197, 204, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977). In this case the Government had to prove beyond a reasonable doubt:

(1) That the accused was indebted to a certain person or entity in a certain sum;

(2) That this debt became due and payable on or about a certain date;

(3) That while the debt was still due and payable the accused dishonorably failed to pay this debt; and

(4) That under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 71b, Part IV, Manual, *supra*.

With respect to affirmative defenses, however, like the affirmative defense of inability to pay, the initial burden of going forward is with the defense. *See, e.g., Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). This is because the defense has superior access to the evidence relevant to the issue. There are some defenses in which the defendant has both the initial burden and the ultimate burden, for example, insanity. Art. 50a(b), UCMJ, 10 USC § 850a(b). *See also Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir.1992) and cases cited therein. On appeal, when there is an allegation of insufficiency of the evidence, as in this case, "[t]he test ... is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 MJ 324 (CMA 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

Applying these standards, I agree with the majority's facts set forth in a time chart:

| Nov 1988 | debts incurred—total debt after down payment—$798 |
| Dec 1988 | first payment due |
| Jan 15, 1989 | counseled about nonpayments |
| Jan 25 and 26, 1989 | written notifications of debt sent |
| Mar 28, 1989 | first payment—$529.32 with balance of $268.68 |
| Nov 27, 1989–Mar 7, 1990 | AWOL |
| Apr 4, 1990 | payment mailed |

Apr 17, 1990      trial date
Apr 18, 1990      final full payment received by AAFES

17 months   =   Time Elapsed

---

Appellant's basic monthly pay as reflected on the charge sheet was $962.10.

Do these facts and the reasonable inferences from these facts establish all the essential elements beyond a reasonable doubt? The answer is yes. There is no dispute that the accused was indebted to a certain person for a certain sum and that the amount was payable on specified dates. The only issue in this case is whether the failure to pay the debt was dishonorable. In determining whether this element was satisfied, I will examine the prior cases of this Court.

In *United States v. Cummins*, 9 USCMA 669, 26 CMR 449 (1958), the Court held an instruction making "lapse of time ... equivalent" to "bad faith or willful evasiveness or gross indifference" to be improper, stating:

> The mere failure to pay a debt does not show that the nonpayment is dishonorable. The fact that no payment has been made for a long time may have probative value, but it does not itself establish that the failure to pay is dishonorable.

The Court in *Cummins* also determined that, in a sufficiency-of-the-evidence case, findings of guilty could not be affirmed based on "length of time alone." 9 USCMA at 674, 26 CMR at 454. This case, however, involves non-payment over a 17–month period of time. I do not believe the *Cummins* decision prohibits using prolonged periods of non-payment to determine whether non-payment was dishonorable.

Appellant took out a loan in November 1988 with a final payment in April 1990. One can draw the conclusion that over this 17–month period of time, excluding the time appellant was absent without authority, that appellant—an active-duty Marine—was being paid. This is a common-sense inference, and inferences do not require a *statutory* basis. *United States v. Cothern*, 8 USCMA 158, 23 CMR 382 (1957), *cited in Cummins*. *See also County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Thus, the burden is shifted to appellant to establish inability to pay. Direct evidence need not be introduced in the first instance by the Government. This is not an instance of mere failure to pay a debt. *Cf. United States v. Kirksey*, 6 USCMA 556, 560, 20 CMR 272, 276 (1955).

Appellant failed to make the scheduled payments, although he did make a payment of $529.00 in March 1988. Thus, in addition to the remaining 13 months of nonpayment, appellant did not respond to earlier counseling and did not see fit to make even partial payments from March 1989 until shortly before the date of trial. Additionally, his own absence without authority interfered with his ability to pay, thus demonstrating his indifference to the Marine Corps and to his debt. In fact, appellant did not see fit to mail the final payment of his debt until almost 2 weeks prior to trial. Even then the payment was not credited until after the trial was over.

As I indicated, the elements of this case require proof of a dishonorable failure to pay which can be shown by "gross indifference." The evidence is to be construed in the light most favorable to the Government, and in that light there is more than ample evidence to sustain the findings of guilty. Had appellant made a payment of a little less than $21.00 per month for 13 months, there would have been no debt in this case. That amount would be less than 2 percent of his gross pay per month. In

fact, not even a single payment was made after March 1988 by this appellant until the trial date was set.

I would affirm the decision of the United States Navy–Marine Corps Court of Military Review.