UNITED STATES, Appellant

v.

ROBERT J. BUNCH, Seaman Apprentice, U. S. Navy, Appellee

3 USCMA 186, 11 CMR 186

No. 2297

Decided July 31, 1953

CAPT Wesley C. Blake, USMC, for Appellant.
CDR Raymond van Wolkenten, USN, for Appellee.

Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused pleaded guilty to three specifications of violating general orders and was sentenced to a bad conduct discharge and two months' confinement. The convening authority approved only so much of the sentence as included two months' restriction and the bad-conduct discharge, and suspended the execution of the discharge until the accused's release or the completion of appellate review, whichever is the later date. The supervisory authority set aside the findings as to the first and third specification but he approved the findings as to the second specification. He, however, further modified the sentence by suspending the bad-conduct discharge. A board of review in the office of The Judge Advocate General of the Navy set aside the findings and sentence on the specification because it failed to state an offense and ordered the charge dismissed.

The Judge Advocate General of the Navy thereupon certified for our determination the question of whether the board of review erred in its decision. Article 92, Uniform Code of Military

**187**

Justice, 50 USC § 686, which covers the offense of failure to obey an order or regulation, provides as follows:

"Any person subject to this code who—

(1) violates or fails to obey any lawful general order or regulation; or

(2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the same; or

(3) is derelict in the performance of his duties; shall be punished as a court-martial may direct."

The language of the specification is as follows:

"In that ROBERT J. BUNCH . . . did on board the U. S. S. MARSHALL . . . violate a lawful general order to wit: U. S. S. MARSHALL Ship's Order Number 15 . . . by having in his possession property belonging to other persons as follows: neckerchief belonging to MEDLER, R. L. . . . hat belonging to STRING-FIELD, R. W. . . . mattress cover and undershirt belonging to MITCH-ELL, J. W. . . . mattress cover belonging to MIRACLE, E. V. . . . towel belonging to LANOUE, J. A. . . . dungarees belonging to HAACK, D. E. . . . dungarees belonging to VINCENT, B. . . . shorts belonging to FROST, F. E. . . . and undershirt belonging to TURNER, L. G. . . ."

Clearly, subsection (3) of the above quoted Article is inapplicable in the instant case. Also, the accused contends, and appellate Government counsel concede, that subsection (2) cannot apply because knowledge of the order and the duty to obey are not alleged. (See paragraph 171b and Form Specification No. 29, Appendix 6c, page 476, Manual for Courts-Martial, United States, 1951). Therefore, the only remaining issue is whether the specification states an offense under subsection (1) of Article 92, supra.

The board of review held the specification was fatally defective for two reasons: First, it did not set forth the order or that part which the accused

was charged with violating, as required by Paragraph 28c, Manual for Courts-Martial, United States, 1951; and second, it contained no words importing criminality to the acts of the accused. We shall dispose of these in the reverse order from that stated.

Appellate defense counsel, supporting the decision of the board of review, contend that the specification should contain language alleging that the acts of the accused were done "wrongfully" or "unlawfully" in order to show criminality. In support of this contention the following provision from Paragraph 28a(3) of the Manual, supra, is cited:

". . . . If the alleged act of the accused is not in itself an offense, but is made an offense by applicable statute (including Articles 133 and 134) regulations or custom having the effect of law (213a), words importing criminality such as 'wrongfully,' 'unlawfully,' 'without authority,' or 'dishonorably,' depending upon the nature of the particular offense involved, should be used to describe the accused's acts. . . . ."

Because in the case at bar the specification alleges the violation of a particular Article of the Code and the acts committed by accused, in and of themselves, constitute an offense, the above provision requiring an allegation that they were wrongfully or unlawfully done is inapplicable. An allegation charging the violation of a lawful general order implicitly contains a charge that the act committed by the accused was itself an offense and therefore unlawful and wrongful. Further words describing the nature of the act as such would be repetitious since the charge already contains an allegation of criminality. That the framers of the Manual adopted this view and did not intend to require that such words must be included in a charge alleging violation of general order or regulation under Article 92(1) is evidenced by the form specification covering this offense set out in the Manual. It is Form No. 28, Appendix 6c, page 476 of the Manual, and is as follows:

"In that . . . did, (at) (on board), . . . on or about . . .19. . ,

(violate) (fail to obey) a lawful general (order) (regulation), to wit: [paragraph . . ., (Army) (Air Force) Regulation . . . ., dated . . . . 19. . .] [General Order No. . . . ., U. S. Navy, dated . . . . 19. . .] [. . . .], by . . . ."

The charge herein follows the prescribed form and, in the absence of some objection, is sufficiently well drafted to show criminality of the acts charged. We, therefore, hold that the board of review erred in its determination that the specification was fatally defective because of the failure to charge that the acts of accused were unlawfully or wrongfully committed.

We turn now to the other reason for the board's decision. It was concluded that the specification was insufficient because it failed to set out the order which accused is charged with having violated. Paragraph 28c, Manual for Courts-Martial, United States, 1951, provides as follows:

". . . When the offense alleged constitutes a violation of an official directive of the Department of Defense or one of the Departments, or one of their agencies, bureaus, branches, forces, commands, or units, the specification should contain sufficient information to indicate what specific directive, or part thereof, the accused is alleged to have violated, and the act or acts which constitute the alleged violation. In this connection, see 147a and 171. However, omission, or an error in the citation, of the directive does not constitute fatal error if the omission or error does not mislead the accused to his prejudice. Oral statements should be set out as nearly as possible in exact words, but should always be qualified by the words 'or words to that effect,' or some similar expression."

The specification contains a clear allegation that the accused violated U. S. S. MARSHALL Ship's Order 15 by having in his possession property belonging to other persons. We believe this is sufficient to meet the Manual provision. Of course the pleader could have quoted the particular wording of the order haec verba and thereby rendered the pleading more certain, but we fail to see how this deficiency, if it is such, misled the accused. It may well be that the order covers more than one subject. On the other hand, it may cover only one, but the accused did not demand more clarity or certainty when asked concerning his plea. However, the order is clearly and specifically designated by its date and number, and the acts which constituted the violation are set out. The specification conforms with both paragraph 28c, quoted above, and form specification No. 28, supra, and we find no essential information missing. We believe it important and expeditious to use the prescribed forms when applicable and unless they are so incomplete that an accused cannot reasonably determine the offense of which he is charged, we are inclined to hold them sufficient. We are aware that in previous cases before this Court involving this offense the order alleged to have been violated has been quoted verbatim in the specification. (See United States v. Snyder (No. 409), 1 USCMA 423, 4 CMR 15, decided June 5, 1952, and United States v. Wade (No. 586), 1 USCMA 459, 4 CMR 51, decided July 11, 1952). Although this may be a preferable way of setting out the charge, we do not believe failure to allege an offense in the best manner renders the pleading a nullity. In the present case the purport of the order can be ascertained from the specification. Without ever having read the order. we would conclude it prohibits the possession of property belonging to others. Accused never complained that the specification was so inartfully drawn that he might again be tried for the same offense. Neither has he asserted that all the essential elements of the offense are not set forth in simple and concise language. While there may be deficiencies in the specification they are not so material that they destroy its efficacy in charging an offense. Accordingly, we cannot concur with the decision of the board of review.

Our holding that an offense is charged does not completely dispose of the question certified. Appellate defense counsel contend that the specification herein must fail because the order alleged to have been violated is not a

**189**

"general" order within the meaning of Article 92 (1) of the Code. This contention is based on the fact that the order was issued by one without authority to issue an order of that character. The manual definition of a general order or regulation is contained in Paragraph 171 (a), which provides:

". . . A general order or regulation is one which is promulgated by the authority of a Secretary of a Department and which applies generally to an armed force, or one promulgated by a commander which applies generally to his command. . . ."

In United States v. Snyder, supra, we had under consideration a regulation issued by the commander of Camp Lejeune, North Carolina. We there stated:

". . . However, it will be noted that the term 'general order' is new. Under previous Army and Navy law, the orders involved in the offenses under discussion were referred to as 'standing orders.' In view of the legislative intent to codify pre-existing law as to these offenses, we think it clear that the term 'general orders' as used in Article 92 (1) is synonymous with the previous term 'standing orders.'

"The term 'standing orders' has been consistently interpreted to include orders ranging from those issued by a Department down to those promulgated by the commander of a post, ship, or station. See Manual for Courts-Martial, U. S. Army, 1949, page 333; Naval Courts and Boards (1937) § 98; United States v. Gilloon, 1 CMR(AF) 560; United States v. Dunn, 2 CMR(AF) 561; Winthrop, Military Law and Precedents, 2d ed., page 573. . . . ."

The ruling in that case would be controlling in the present instance if it were not for the fact that after the case was tried subsequent regulations were promulgated by the Secretary of the Navy and the issuance of general orders was restricted to higher commanders. On January 31, 1952, which was subsequent to the court-martial trial of the Snyder case, the Secretary of the Navy added to the Naval Supplement to the Manual for Courts-Martial, United States, 1951. For the purposes of the Naval service he promulgated a definition of the term commander. We view this to be beneficial to an accused and to supplement, not conflict, with the Code. The section added is as follows:

"DEFINITION OF 'COMMANDER' The term 'commander' as used in paragraph 171(a) MCM refers to the following officers in the naval service:

a. The Chief of Naval Operation and the Commandant of the Marine Corps.

b. The commander of any unit or organization of the Navy or Marine Corps which is normally commanded by an officer of flag or general rank having the title 'Commander-in-Chief', 'Commander', 'Commandant', or 'Commanding General'."

Here, the order which accused is charged with violating is a ship's order. The ship upon which accused was serving was a destroyer, normally commanded by officers of the rank of Commander and the records show that was the rank of the officer involved. Clearly, such an officer is not included within the Naval regulation as one of those authorized to issue a general order. It follows that the specification shows on its face there was not a violation of a general order under Article 92 (1) and a specification founded on that subsection fails. We have previously shown that the pleading fails to set forth the essential elements of an offense under Article 92 (2) in that knowledge of the order is not included, and that Article 92 (3) is not in issue. Thus, the specification does not state any offense.

For the reasons stated herein, the question certified by The Judge Advocate General of the Navy is answered in the negative, and the decision of the board of review is affirmed.

Chief Judge QUINN and JUDGE BROSMAN concur.