UNITED STATES, Appellee

v

JONATHAN R. TINKER, Staff Sergeant, U. S. Air Force, Appellant

10 USCMA 292, 27 CMR 366

No. 12,345

Decided March 20, 1959

*Major Dwight R. Rowland* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Sam F. Carter.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At trial, the accused pleaded guilty to a specification laid under Article 92, Uniform Code of Military Justice, 10 USC § 892, alleging the violation of "a lawful general order." However, before the board of review he contended the specification fails to set out an offense under Article 92 in that it does not contain an allegation that he had knowledge of the order. See United States v Bunch, 3 USCMA 186, 11 CMR 186. The board of review held the order was a "general order" within the meaning of Article 92(1), supra, and, consequently, it was not necessary to allege that the accused had knowledge thereof. See United States v Stone, 9 USCMA 191, 25 CMR 453. We granted review to consider the correctness of the board of review's decision.

In a prosecution for a violation of Article 92, knowledge of a "general order" need not be alleged or proved. Cf. subsections 1 and 2 of the Article; see also United States v Stone, supra. However, as to any "other law-ful order" under Article 92, knowledge must be alleged and proved. United States v Curtin, 9 USCMA 427, 26 CMR 207; United States v Bunch, supra.[1] Initially, the difference between the two orders is determined by two broad criteria: (1) Does the order apply generally to all personnel stationed within or having duty with a command, and (2) does the commander have the power to issue a general order? Here, the problem is to determine whether the commander promulgating the order is within or outside the class of major commanders authorized to issue general orders. Some of our cases provide a frame of reference for the determination of that question.

In United States v Stone, supra, we pointed out that the upper level of competent commanders is "at least those commands which are major commands and only one step removed from the Departments of the Army, Navy, and Air Force, and the Headquarters of the Marine Corps and Coast Guard." In United States v Snyder, 1 USCMA 423,

---

[1] By his plea of guilty, the accused admitted the truth of the allegations in the specification. Since the order is alleged to be a "general order," it would appear that the specification is legally sufficient. But as part of his argument on appeal, the accused contends the command authority of the command issuing the order depends in part on classified documents; as a result, he maintains he "could not have known whether he was correctly charged with" a general order. In the interests of justice, therefore, we consider the appeal as including a contention that the accused improvidently entered the plea of guilty. See United States v Huffaker, CM 400909, December 19, 1958.

4 CMR 15, we considered the lower level of the class. We there noted that authority to issue general orders extends to "the commander of a post, ship, or station." But that authority may be limited, in one respect or another, by service regulations. United States v Bunch, supra; United States v Brown, 8 USCMA 516, 519, 25 CMR 20. A commander of an area command within this class ordinarily has such duties, responsibilities, and personnel under him as to indicate that he prima facie occupies "a substantial position in effectuating the mission of the service." United States v Brown, supra, page 518.

Another indication of a "substantial position" in the military establishment is the possession of authority to exercise general court-martial jurisdiction. Experience teaches us that authority should be commensurate with responsibility. See Naval Regulations, Article 0502 (1948). A commander who has general court-martial authority occupies a high position in the enforcement of discipline and the administration of justice. See Articles 15, 22, 65 (b), 72, 138, Uniform Code of Military Justice, 10 USC §§ 815, 822, 865, 872, 938. Under service regulations he is frequently empowered to make many kinds of administrative decisions. For example, in the Navy a general court-martial authority can convene courts of inquiry to conduct various types of investigations. 1955 Naval Supplement to the Manual for Courts-Martial, United States, 1951, section 0204a, page 32. In the Army, authority to issue administrative discharges from the service is reserved to general court-martial commanders. AR 615–362; AR 635–206; see also AR 600–140 (line-of-duty investigations).

The order in this case was issued by the Commander, United States Forces Azores. Some of the responsibilities of the command were summarized by the board of review as follows:

". . . he was the senior United States commander in the Azores with authority over substantially all United States personnel situated there, was responsible directly to CINCLANT, was the only United States commander in the Azores authorized to deal with Portugese authorities in matters relating to the Azores, and was in a general sense *the United States commander* in and for the area of the Azores."

It also appears that the command has reciprocal general court-martial jurisdiction over Army, Navy, and Air Force personnel stationed in and on duty with units under the command. Department of Defense Directive 5510.4, September 5, 1956. Measured by the appropriate criteria, it is patently a major command. As such, the commander is competent to issue general orders within the meaning of Article 92, supra.[2] Accordingly, the specification is legally sufficient and the accused's plea of guilty is not improvident.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The route I follow to reach my conclusion differs from that traveled by my associates, so I prefer to spell out my views briefly in this separate opinion. Although I am certain applicable law requires that we hold the order in question to be "general" within the meaning of Article 92(1), Uniform Code of Military Justice, 10 USC § 892, and therefore affirm accused's conviction, I am quite unable to accept the reasoning of the majority's opinion. Particularly, I note that my colleagues appear to depart from our prior pronouncements.

Resolving the issue before us is not difficult. Reference to a few cases will suffice, and I point out in passing that it is not necessary to deviate in the slightest from our previous holdings. In United States v Stone, 9 USCMA 191,

---

[2] We have not been referred to, and we know of, no order by superior authority limiting the power of the commander to issue general orders. See United States v Bunch, 3 USCMA 186, 11 CMR 186; United States v Gray, 6 USCMA 615, 20 CMR 331.

25 CMR 453, we held no more than that it is unnecessary to allege or prove knowledge of a general order of a Department, or the Headquarters of a Territorial, theater, or similar area command—a much more restricted holding than the broad sweep my brothers apparently ascribe to that case. And in that unanimous opinion we referred with approval to United States v Snyder, 1 USCMA 423, 4 CMR 15, and United States v Arnovits, 3 USCMA 538, 13 CMR 94—and I point out parenthetically that in both those cases the Court's holding on the issue with which we are here concerned was also unanimous. We there considered the question of authority to issue general orders and the requirements of allegation and proof, and we directed specific attention to Article 92 of the Code, supra, the provisions of the Manual, and the effect of pre-existing law. From those opinions, it is unmistakably clear that general orders and regulations may be issued by commands inferior to the Department, Territorial, theater, or similar area command level, and that the commander of a post, ship, or station falls within that class. Moreover, although a specification need not allege knowledge of any general order, still in the case of a general order emanating from a command inferior to a Department, or Territorial, theater, or similar command, just as in the case of "any other lawful order," it is necessary that knowledge be instructed upon and found. Our reversal in *Arnovits* is predicated on that requirement.

Turning to the facts of the instant case, there is no allegation of knowledge. However, as I have outlined above, a specification need not allege knowledge of a general order. Likewise, general orders may issue from commands inferior to the Territorial or theater level, in which latter situation knowledge must be proved and found. But in the case at bar, accused entered a plea of guilty, and hence we need not be concerned with proof or instructions. The sole question remaining in this appeal, then, is whether the commander United States Forces, Azores—who promulgated the instant order—is competent to issue general orders within the meaning of Article 92. While we have not fixed the precise limits of the commands which may issue general orders within the purview of Article 92(1), we have said that a company sized unit may not, United States v Brown, 8 USCMA 516, 25 CMR 20, and that the commander of a post, camp, or station may. United States v Snyder, supra. Although certainly it can be argued that the command with which we are concerned is of the level of a theater or Territorial command, it is unnecessary that United States Forces, Azores, be on that plane for its regulations of general applicability to constitute general orders. Here it is clear beyond peradventure that the command is of the requisite level for that purpose. It is superior to a "post, ship, or station," United States v Snyder, supra; United States v Wade, 1 USCMA 459, 4 CMR 51; its "position in effectuating the mission of the service[s]" is substantial, United States v Brown, supra; and, as the majority note, our attention has not been invited to any order by superior authority restricting the issuance of general orders by this command, United States v Bunch, 3 USCMA 186, 11 CMR 186.

Manifestly, then, the commander was competent to issue general orders and, therefore, the specification alleging violation thereof, states an offense violative of Article 92(1) of the Code, supra. Accordingly, I join my associates in affirming the decision of the board of review.