UNITED STATES, Appellee

v

KENNETH D. HUFF, Fireman Recruit, U. S. Navy, Appellant

15 USCMA 549, 36 CMR 47

No. 18,842

December 3, 1965

*Commander Walter F. Brown,* USN, was on the brief for Appellant, Accused.

*Major Paul F. Henderson, Jr.,* USMC, and *Lieutenant Edward F. O'Keefe,* USNR, were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Arraigned and tried before a special court-martial convened at the U. S. Naval Receiving Station, Treasure Island, San Francisco, California, the accused was found guilty of a number of offenses, including an alleged disobedience of a lawful order, in violation of Uniform Code of Military Justice, Article 92, 10 USC § 892. He was sentenced to bad-conduct discharge, confinement at hard labor for two months, and forfeiture of $75.00 per month for a like period. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the issue whether the specification of Charge II alleged an offense.

The specification in question states:

"In that Kenneth Darrell Huff . . . U. S. Navy, U. S. Naval Receiving Station, Treasure Island, San Francisco, California, did, at the aforesaid receiving station, on or about 11 May 1965, fail to obey an order of Private First Class R. G. DUREN, to stand at attention and stop moving around."

The Government concedes the specification sets forth no violation of the Code in that it fails to allege accused's knowledge of the order, his duty to obey, or any facts from which the latter might be implied. The concession of error is proper. United States v Bunch, 3 USCMA 186, 11 CMR 186; United States v Fout, 3 USCMA 565, 13 CMR 121; Manual for Courts-Martial, United States, 1951, paragraph 171b. The Government also requests decision of the case without oral argument and its remand to the board of review.

The motion of the United States is granted, and the findings of guilty of Charge II and its specification are set aside. To that extent, the decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board of review may reassess the sentence on the basis of the remaining findings of guilty.