UNITED STATES, Appellant

v

JOHN FLEIG, Airman Basic, U. S. Air Force, Appellee

16 USCMA 444, 37 CMR 64

No. 19,607

December 16, 1966

*Lieutenant Colonel William F. Rutherford* argued the cause for Appellant, United States. With him on the brief was *Colonel Emanuel Lewis*.
*Lieutenant Colonel Milton E. Kosa* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph Buchta*.

## Opinion of the Court

FERGUSON, Judge:
This case is before us on the certified question:

"WAS THE BOARD OF REVIEW CORRECT IN ITS DETERMINATION THAT THE SPECIFICATION OF CHARGE I FAILS TO ALLEGE AN OFFENSE?"

The count in question, following the form specification in the Manual for Courts-Martial, United States, 1951, alleges:

"In that AIRMAN BASIC JOHN FLEIG, then AIRMAN FIRST CLASS, United States Air Force, 2135th Communications Squadron, being the driver of a vehicle at the time of a collision, did, at Ramstein, Germany, on or about 4 September 1965, wrongfully and unlawfully leave the scene of the collision without making his identity known."

Before the board of review, the accused urged the specification was fatally deficient in that it failed to allege, either expressly or by fair implication, accused's vehicle was *involved* in the collision. The board agreed, finding the averments "entirely consistent with an

444

innocent act by the accused wherein, while driving a vehicle, he left the scene of a collision between other cars without revealing his identity." Accordingly, it set aside the findings of guilty of Charge I and its specification, ordering the charge dismissed.

We agree with the action of the board of review. A specification is required to allege every essential ▮▮ element of the offense charged, or it is fatally defective. United States v Petree, 8 USCMA 9, 23 CMR 233. It need not aver the elements expressly, but it must at least do so by necessary implication. United States v Reid, 12 USCMA 497, 31 CMR 83; United States v Fout, 3 USCMA 565, 13 CMR 121; United States v Sell, 3 USCMA 202, 11 CMR 202.

In United States v Eagleson, 3 USCMA 685, 14 CMR 103, we extensively reviewed the background of "hit and run driving" as a violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. We there pointed out an essential element of this offense was that the accused's vehicle be involved in the collision from the scene of which he fled. See also United States v Russell, 3 USCMA 696, 14 CMR 114, and United States v Waluski, 6 USCMA 724, 21 CMR 46, opinion of Chief Judge Quinn. The Government concedes such to be the law and further admits the express allegation of this element is not to be found within the confines of the specification. It urges, however, that it may be fairly implied from the averment "being the driver of a vehicle at the time of a collision" and that the accused "wrongfully and unlawfully" left the scene. We cannot agree.

Words of criminality may color some equivocal allegations but, in themselves, they cannot serve to supply ▮▮ an otherwise missing element of the offense. See United States v Bunch, 3 USCMA 186, 11 CMR 186; United States v Bender, 4 CMR 750; and Manual for Courts-Martial, supra, paragraph 28. Nor does the fact the count follows a form laid down in the Manual, supra, establish its legal sufficiency. United States

v Strand, 6 USCMA 297, 20 CMR 13. As the Chief Judge there declared, at page 301:

"Merely completing the blanks in a particular form of specification set out in the Manual for Courts-Martial, United States, 1951, does not guarantee a legally unassailable charge. *The specification must set out every essential element of the offense, either directly or by necessary implication.* United States v Fout, 3 USCMA 565, 13 CMR 121." [Emphasis supplied.]

Does the allegation "being the driver of a vehicle at the time of a collision" necessarily imply the driver's car was involved in the ▮▮ collision? We think not. The averment is neutral on the point, it being equally open to infer from it that the accused's car was not involved but, as the board concluded, the accused merely witnessed the accident. Yet, involvement is required and though some jurisdictions, in these days of highway slaughter, may punish the motorist who fails to stop at the scene of an accident and render aid and assistance, even though he is not implicated, we have yet to require members of the armed forces to assume the role of Good Samaritan. United States v Eagleson; United States v Waluski, both supra. Moreover, in the single case, involving the point, which has been called to our attention, such a construction was refused. Thus, in People v Patrick, 175 Misc 997, 26 NYS2d 183 (1941), where the accused was alleged to have committed " 'a misdemeanor in violation of § 70, subd. 5-a of Vehicle and Traffic Law against the person or property of People of State of N. Y. by wrongfully, unlawfully, willfully, corruptly, falsely, maliciously and knowingly' " failing to report an accident " 'knowing that property damage and personal injury was involved,' " it was held the information was fatally defective. The New York Court pointed out, at page 184:

"The information here is defective in several particulars, principally in that it fails to allege that the property damage and personal injury were caused by a motor vehicle operated by

**445**

the appellant, and were due to his culpability, or to accident."

In like manner, we must hold the count here deficient. It does not necessarily imply the accused's vehicle was involved in the collision. United States v Strand, supra; United States v Reid, supra. As such, the specification omits an essential element of the offense and is a nullity. United States v Eagleson, supra; United States v Waluski, supra. Accordingly, the board's action was correct.

We cannot leave this matter without adverting to the necessity for careful drafting and examination of pleadings prior to the trial. In many instances, as here, it will not suffice simply to fill in the blanks of a form. United States v Strand, supra. True, this Court has adopted the modern approach to criminal pleading and is no longer involved with the old common-law technicalities. United States v Sell, supra. Yet, the specification must cover every essential element of the offense sought to be charged and give an accused both fair notice and due protection against jeopardy. Granting that military necessity frequently requires drafting of these legal instruments by laymen and, indeed, in many cases, their very trial by persons untutored in the law, every effort still should be made through furnishing appropriate pretrial legal assistance and consultation where possible to insure that the well-meant efforts of those not qualified to recognize the principles involved are reviewed and, if necessary, changed to meet the standards required. Cf. Code, supra, Article 34, 10 USC § 834. Careful attention to these matters prior to trial will serve to eliminate appellate reversal and enhance the administration of military justice at all levels.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.