UNITED STATES, Appellee

v

JOSEPH S. BAKER, Private First Class, U. S. Marine Corps, Appellant

17 USCMA 346, 38 CMR 144

No. 20,695

December 22, 1967

*Lieutenant Peter F. Vaira,* USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Charles Freeland,* USNR, was on the pleadings for Appellee, United States.

PER CURIAM:

Tried by special court-martial, the accused pleaded guilty to a number of alleged violations of Uniform Code of Military Justice, Article 92, 10 USC § 892. Intermediate appellate authorities have affirmed, and he has petitioned for relief here upon the assertion that specification 2 of Charge I does not allege an offense.

The count in question purports to allege the accused failed to obey a lawful order, set forth as "Division Order 5050.4," by being in an off-limits establishment in the village of Da Son, Vietnam. It, however, fails to state the essential element of knowledge. United States v Tinker, 10 USCMA 292, 27 CMR 366. The staff legal officer and board of review, Member Jones dissenting, opined that characterization of the order as a "Division" order was sufficient to imply the order was a "general" directive and, hence, to eliminate the requirement for allegation and proof of knowledge. See United States v Tinker, supra. We disagree, for it is obvious that divisions publish many kinds of orders, which may or may not be general in nature. Cf. United States v Fleig, 16 USCMA 444, 37 CMR 64.

We find, therefore, that specification 2 of Charge I does not allege an offense.

In addition to the foregoing, an examination of the record discloses that, although the accused pleaded guilty to violation of another lawful order requiring him to have his weapon in his possession at all times except when engaged in athletic endeavors, it appears from his testimony in mitigation that he had his rifle with him on the particular occasion charged. Although he thus directly contravened his plea, neither the statement nor the plea was withdrawn. The latter, accordingly, must be held to be improvident. United States v Thompson, 13 USCMA 395, 32 CMR 395; United States v Walter, 16 USCMA 30, 36 CMR 186.

The petition for review is granted. The findings of guilty of specifications 2 and 3 of Charge I are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence on the basis of the remaining findings of guilty, or order a rehearing on the charges involved and the penalty.