UNITED STATES, Appellee

v

DAVID W. KOEPKE, Private, U. S. Army, Appellant

18 USCMA 100, 39 CMR 100

No. 21,409

January 17, 1969

*Captain Howard L. Kaplus* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain John Wall Hanft,* and *Captain Robert L. Wiesenthal.*

*Captain Joseph M. Allen, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

Accused was convicted, on his plea of guilty, of possession of marihuana (Charge I) and possession of a hypodermic needle and stimulant drugs (amphetamine and benzedrine) (Charge II), in violation of Uniform Code of Military Justice, Articles 134 and 92, 10 USC §§ 934 and 892, respectively. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for two years. Intermediate appellate authorities have approved the findings and sentence and we granted review on the single issue of:

Whether the specification to Charge II fails to allege an offense under the Uniform Code of Military Justice because it fails to allege that the regulation allegedly violated was a "general" regulation.

The Charge and specification reads as follows:

"Charge II: Violation of the Uniform Code of Military Justice, Article 92

"Specification: In that Private

E–1 David W. Koepke, U. S. Army, Battery B, 6th Howitzer Battalion, 16th Artillery, Fort Sill, Oklahoma did, at Fort Sill, Oklahoma, on or about 23 March 1968 violate a lawful regulation, to wit: Paragraph 16.1, U. S. Army Artillery and Missile Center Regulation 210–1 by having in his possession a hypodermic needle and stimulant drugs, to wit: amphetamine and benzedrine."

In view of the accused's plea of guilty, the regulation in question was not introduced into evidence or made a part of the record of trial. Appellate Government counsel, however, have appended a copy thereof to their brief on the granted issue. The regulation is as follows:

"16.1. CONTROL OF DRUGS AND INSTRUMENTS USED IN CONNECTION WITH DRUGS. Except for official Governmental or authorized medical purposes, military personnel (on- or off-post) and other persons within the limits of the Fort Sill Military Reservation:

"a. Will neither possess, use, sell, or transfer depressant, stimulant, or hallucinogenic drugs, nor

introduce these drugs into Fort Sill.

"b. Will not have on their person, or in their possession or custody, any instrument or device used to administer/dispense habit-forming narcotics or the type of drugs in paragraph 16.1a, e.g., syringes, hypodermic needles, or ampoules designed for such drugs."

Article 92, Code, supra, Failure to obey order or regulation, is divided into three parts:

"Any person subject to this chapter who—

(1) violates or fails to obey any lawful general order or regulation;

(2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order; or

(3) is derelict in the performance of his duties;

shall be punished as a court-martial may direct."

The maximum period of confinement at hard labor for a violation of this Article ranges from two years (92(1)) to six months (92(2)) and to three months (92(3)). Paragraph 127c, Manual for Courts-Martial, United States, 1951.

An essential element of a violation of Article 92(1) is that the order or regulation be general in application; that is, that it applies to all personnel stationed within or having duty with a command. Cf. United States v Tinker, 10 USCMA 292, 27 CMR 366; United States v Ochoa, 10 USCMA 602, 28 CMR 168. See also Appendix 6c, Forms for Specifications, paragraph 28, page 476, Manual, supra. And, as we stated in United States v Fleig, 16 USCMA 444, 445, 37 CMR 64, 65: "A specification is required to allege every essential element of the offense charged, or it is fatally defective. United States v Petree, 8 USCMA 9, 23 CMR 233. It need not aver the elements expressly, but it must at least do so by necessary implication. United

States v Reid, 12 USCMA 497, 31 CMR 83; United States v Fout, 3 USCMA 565, 13 CMR 121; United States v Sell, 3 USCMA 202, 11 CMR 202." (Emphasis supplied.)

In the case at bar, the staff judge advocate recognized the failure of the specification to allege that the regulation was a *general* regulation, for, in his post-trial review, he so informed the convening authority. However, he went on to report: "As indicated in my pretrial advice, my intent was to allege a violation of Article 92(1), UCMJ. Further, the mere omission of the word 'general' is not a bar to approving the finding of guilty of Charge II and the specification, as a violation of a lawful general regulation, Article 92(1) where, as in the present case, the commander who issued the regulation had the power to issue a general order or regulation under Article 92 (1), US v Detuccio, ACM S–19136, 29 CMR 879 (1960)."

The board of review in United States v Detuccio, 29 CMR 879, did indeed hold that "we would not find the omission of the word 'general' to be a bar to our affirmance *if the commander who issued the regulation* (that is, the supplement) *had power to issue a general order or regulation under Article 92 (1)*." (Emphasis supplied.) (*Id.*, at page 883.) It found, however, in *Detuccio* that the commander of Plattsburgh Air Force Base did not possess such authority.

But that is not the whole of the matter. As we stated in United States v Chunn, 15 USCMA 550, 551, 36 CMR 48:

". . . Although it is a convenient point of beginning, the level of command responsibility is only one of the many factors that must be considered in determining whether command is within or without the category of those empowered to issue general orders. United States v Porter, 11 USCMA 170, 28 CMR 394; United States v Ochoa, 10 USCMA 602, 28 CMR 168; United States v Keeler, 10 USCMA 319, 27 CMR 393."

See also United States v Tinker, supra;

■■■

United States v Stone, 9 USCMA 191, 25 CMR 453. Cf. United States v Brown, 8 USCMA 516, 25 CMR 20; United States v Bunch, 3 USCMA 186, 11 CMR 186.

In this case, appellate defense counsel do not directly contest *the authority* of the Commanding General, U. S. Army Artillery and Missile Center and Fort Sill, to issue a general order or regulation. What is contested is the fact that since the commander of the installation had authority to issue regulations or orders that would not be of general application, accused would have no way of knowing the intended extent of the application of this particular regulation. In addition, according to appellate defense counsel, the law officer further confused the issue for at the time he inquired into the providency of accused's plea, in an out-of-court hearing, he delineated for the accused the elements of Article 92(2) when asking about the latter's understanding of the Charge and specification. Later, when informing the court of his acceptance of the plea, he referred to this offense as a violation of a lawful *general* regulation, although he did not specify for the members' benefit the elements of this or the marihuana offense.

We believe this situation is controlled by our decision in United States v ■■■ Baker, 17 USCMA 346, 38 ■ CMR 144. That accused pleaded guilty to a violation of Article 92 by being in an off-limits establishment in the village of Da Son, Vietnam, in violation of "Division Order 5050.4." The specification, however, failed to state the element of knowledge, essential to a conviction under Article 92(2). United States v Tinker, supra. The staff legal officer and the board of review, in a split decision, opined that characterization of the order as a "Division" order was sufficient to imply the order was a "general" directive and, hence, to eliminate the requirement for allegation and proof of knowledge. We disagreed, holding "it is obvious that divisions publish many kinds of orders, which may or may not be general in nature. Cf. United States v Fleig, 16 USCMA 444, 37 CMR 64. We find, therefore, that specification 2 of Charge I does not allege an offense."

We hold, therefore, that inasmuch as the specification failed to state that the regulation allegedly violated was a "general" regulation, it was fatally defective with reference to prosecution under Article 92(1). Also, since it did not allege that the accused had knowledge of the regulation, prosecution under Article 92(2) could not be sustained. United States v Baker, supra.

The decision of the board of review as to Charge II and its specification is reversed and the Charge is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. A board of review may reassess the sentence on the remaining Charge or a rehearing on the sentence may be ordered.

Chief Judge QUINN and Judge DARDEN concur.