UNITED STATES, Appellee

v

RAYMOND L. MARSHALL, Ship's Serviceman Second Class, U. S. Navy, Appellant

19 USCMA 97, 41 CMR 97

No. 22,002

December 5, 1969

■■■■■■■

*Captain Jeffery W. Maurer,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Captain John J. Ruprecht,* USMCR.

*Lieutenant Thomas F. Bastow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche,* USMC, *Captain Lester G. Fant, III,* USMCR, and *Captain Charles E. Patterson,* USMCR.

## Opinion of the Court

FERGUSON, Judge:

The accused was charged, before a general court-martial, with the offense of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. The specification thereunder recited the following:

"In that Raymond L. Marshall, Ship's Serviceman Second Class, U. S. Navy, U. S. Naval Station, Guam, Mariana Islands, then Ship's Serviceman Third Class, U. S. Navy, USS HUNLEY (AS31), did, at the La Paloma Bar, Agana, Guam, Mariana Islands, on or about 8 April 1968, murder Staff Sergeant Warren J. Coulter, U. S. Air Force, by striking him in the face and body with his fists and kicking him in the face and body."

In announcing the findings of the court-martial, the president said:

"PRESIDENT: Raymond L. MARSHALL, it is my duty as president of this court to inform you that the court in closed session and upon secret written ballot, two-thirds of the members present at the time the vote was taken, concurring in each finding of guilty, finds you:

"Of the Specification: Guilty, except the words, 'murder Staff Sergeant Warren J. Coulter, U. S. Air Force, by striking him in the face and body with his fist and kicking him in the face and body,' and substituting therefor the words, 'while perpetrating an offense directly affecting the person of Staff Sergeant Warren J. Coulter, U. S. Air Force, to wit: a battery, by striking him with his fist and kicking him.'

"Of the excepted words: Not guilty;

"Of the substituted words: Guilty;

"Of the Charge: Not Guilty, but guilty of a violation of Article 119."[1]

The convening authority and the board of review affirmed the findings[2] without change.

We granted review to consider the contention of appellate defense counsel that the convening authority erred as a matter of law by affirming a finding of guilty of involuntary manslaughter where the court found the accused guilty of only a battery.

In his review for the convening authority, the staff legal officer quoted from the court's findings and called attention to the fact that, "The substituted language does not contain the words 'unlawfully kill'. Paragraph

---

[1] No findings worksheet was appended to the record nor was the law officer called into the closed session to assist the court in putting the sentence in order.

[2] Accused was sentenced on August 8, 1968, to a dishonorable discharge, confinement at hard labor for one year, and reduction to the grade of E-2. The convening authority on January 2, 1969, approved "only so much of the sentence as provides for bad conduct discharge, confinement at hard labor for one year and reduction to pay grade E-2 . . . but execution of that portion thereof adjudging bad conduct discharge and confinement at hard labor in excess of six months is suspended for six months from the date of this action, at which time unless the suspension is sooner vacated, the suspended portion shall be remitted without further action."

■■■■■■■

74b(2), Manual for Courts-Martial 1951 permits exceptions and substitutions in findings provided the facts found constitute an offense which is punishable by the court." He informed the convening authority that, "Examination of the evidence, the instructions, and announced findings of the court reveals that the court effectively found the accused guilty of the lesser included offense of involuntary manslaughter while perpetrating a battery. Omission of the words 'unlawfully kill' from the findings does not render [the findings] so incomplete or indefinite as to be invalid. The intent of the court is clear and it is not inconsistent with their language."[3]

We do not agree. The most essential element of the offense of involuntary manslaughter, Article 119(b), Code, supra, is the unlawful killing of a human being. The court in this case was so instructed. But that element is precisely what the court, in its findings, specifically excepted from the charged specification, and of which it found him not guilty. Rather it found that the accused had committed "a battery," " 'while perpetrating an offense directly affecting the person of . . . [the victim].' " The law officer had previously instructed that the offense of battery was a permissible finding under the facts of this case.

In United States v Nedeau, 7 USCMA 718, 720, 23 CMR 182, this Court held:

". . . An exception by the court of part of a specification constitutes a finding that the accused is not guilty of what is alleged in the excepted language. In discussing the effect of exceptions on the court's findings, Colonel Winthrop, in his classic work on military law, says: 'If so much has been excepted as not to leave enough to constitute the specific offence alleged, . . . or if the effect of the exception has been to cause the specification to describe another and quite distinct offence from that designated by the charge,

—a finding of guilty upon the charge can not be sustained.' Winthrop, Military Law and Precedents, 2d ed, 1920 Reprint, page 380." [Emphasis supplied.]

Cf. United States v Robinson, 17 USCMA 343, 38 CMR 141; United States v Brice, 17 USCMA 336, 38 CMR 134; United States v Baker, 17 USCMA 346, 38 CMR 144; United States v Koepke, 18 USCMA 100, 39 CMR 100.

While Article 74b(2), Manual, supra, does permit exceptions and substitutions in the findings, it is the specification which determines the offense and not the statutory number assigned to the charge. United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172; United States v Olson, 7 USCMA 460, 22 CMR 250; cf. United States v Hogsett, 8 USCMA 681, 25 CMR 185, and cases cited at page 686. This is especially so, where, as here, the court specifically found the accused not guilty of the words in the charged specification relating to the death of the victim and the manner in which it was allegedly brought about. United States v Nedeau, supra.

We hold that the court in this case found the accused guilty only of a battery and that the convening authority and the board of review erred, as a matter of law, by affirming a finding of guilty of involuntary manslaughter. Reversal is required.

Left for consideration is the question of the disposition of this case. As we have stated, reversible error is present. Normally we would order a rehearing. In the exercise of our discretion, however, it is open to us, in an appropriate case, to dismiss the charge and specification. Here, the accused has served his sentence and, absent information to the contrary, we can presume that the bad-conduct discharge has been remitted, per the action of the convening authority, and has been returned to duty. A rehearing does not appear warranted. United States v Sheeks, 16 USCMA 430, 37 CMR 50;

---

[3] The board of review affirmed without opinion.

United States v Williams, 18 USCMA 518, 40 CMR 230.

The decision of the board of review is reversed. The charge and its specification are ordered dismissed.

Judge DARDEN concurs.

Chief Judge QUINN concurs in the result.