**UNITED STATES**

v.

**Malcolm J. FERGUSON, 339 52 1400 Private First Class (E–2) U.S. Marine Corps.**

**NCM 75 2734.**

U. S. Navy Court of Military Review.

Sentence adjudged 27 May 1975.

Decided 26 Feb. 1976.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel. LT Homer S. Pointer, JAGC, USNR, Appellate Government Counsel.

**DECISION**

FULTON, Judge:

Appellant was convicted contrary to his plea of attempted robbery and assault con-

summated by a battery in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880, 928. The approved sentence provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $220.00 pay per month for six months and reduction to pay grade E-1.

Appellant alleges the following error: CHARGE I AND THE SPECIFICATION THEREUNDER IS FATALLY DEFECTIVE IN THAT IT FAILS TO ALLEGE AN OFFENSE.

We agree and will take corrective action.

We are once again faced with an appellate assertion that the specification fails to allege an offense. Our words in *United States v. Moultrie*, No. 75 3221 (N.C.M.R. 4 February 1976) are worth repeating:

"These discrepancies are difficult to comprehend in this enlightened age of military justice, wherein at least two lawyers and trial counsel examined, or should have, the specifications for adequacy prior to trial." Slip opinion pp. 1-2.

*United States v. Thomas*, 1 M.J. 692 (N.C.M.R.1975), *pet. den.*, No. 31,374 (U.S. C.M.A. 13 January 1976) says:

"The test for determining the sufficiency of a specification is (1) whether it contains the elements of the offense; (2) apprises the accused of what he must be prepared to defend; and (3) whether sufficient facts are provided for a plea of former jeopardy. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). *Sell, supra*, makes it clear that the test is not whether the specification could have been more definite and certain." Slip opinion, p. 2.

We look first to the specification which states that appellant at the time and place alleged did:

"attempt to rob a wallet, the property of Private First Class L. P. HOGE, U.S. Marine Corps."[1]

The elements of robbery (*See* M.C.M., 1969 (Rev.), par. 201) are that at the time and place alleged:

(1) The accused wrongfully took the property alleged from the person, or from the possession and in the presence, of the person allegedly robbed;

(2) The taking was against the will of the person allegedly robbed;

(3) The taking was by means of force or violence or putting in fear of injury;

(4) The property belonged to the person allegedly robbed;

(5) The property was of the value alleged or some lesser value; and

(6) The taking was with the intent to permanently deprive the person allegedly robbed of the use and benefit of the property.

■ An attempted robbery is an overt act done with the specific intent[2] to commit robbery which amounted to more than mere preparation and which was a direct movement toward the commission of robbery. *See*, M.C.M., 1969 (Rev.), par. 159. The overt act must tend to effect the commission of robbery and would have resulted in the commission of robbery but for a circumstance unknown to the accused or an unexpected intervening circumstance which prevented the completion of the intended offense. *See* "Military Judges Guide," DOA Pamphlet No. 27-9, Headquarters, Department of the Army, May 1969, pages 4-3 and 4-106.

The Uniform Code of Military Justice describes the offense of robbery as follows, Article 122, UCMJ, 10 U.S.C. § 922:

"Any person subject to this chapter who with intent to steal takes anything of value from the person or in the presence of the owner against his will by force or violence or by putting him in fear, with the intent permanently to deprive that person of the use and benefit of such property." *United States v. Schreiner*, 40 C.M.R. 379 at 383 (A.B.R. 1968).

---

1. For numerous citations of authority on robbery charges *see generally, United States v. Wheeler*, 27 C.M.R. 888 (A.B.R. 1959).

2. "The intent involved in attempted robbery essentially is an intent wrongfully to take property of some value from the person or presence

of another, against his will, by means of force of violence or fear of immediate or future injury to his person or property or to the person or property of a relative or member of his family or of anyone in his company at the time of the robbery, is guilty of robbery and shall be punished as a court-martial may direct."

Colonel Winthrop in his commentary on military law describes the essence of robbery:

" . . . Robbery, at common law, is a felonious taking of his property from the person, or presence of another, by means of violence, or putting in fear. Its nature is well illustrated by comparing it with larceny. Thus it is called by Blackstone —'an open and violent larceny from the person;' and Bishop writes:—'Robbery is a species of aggravated larceny, committed from the person, (or from his immediate presence and custody, deemed in law a taking from the person,) the principal aggravating matter being usually, not always, an assault. . . . ' " (Footnotes omitted).

\* \* \* \* \* \*

" . . . It is characteristic of robbery that it is an offense as well against the person as against property, the violent harm or wrong done to the individual being indeed the element which gives it its gravity. . . . " Winthrop's Military Law and Precedents, 2nd Ed., 1920, pp. 678–680.

■ It is clear that a specification must allege every essential element of the offense charged either expressly or by reasonable implication and fair construction. *United States v. Petree,* 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957); *United States v. Fleig,* 16 U.S.C.M.A. 444, 37 C.M.R. 64 (1966). Thus in *United States v. Johnson,* 39 C.M.R. 745 (A.B.R. 1968), *pet. den.,* 39 C.M.R. 293 an Army Board of Review held that a specification alleging that the accused at the time and place alleged, "by means of force and violence steal from the person of (the

victim) a wallet containing money of a value of approximately $500. . . . " was sufficient to allege robbery. The court reasoned that the word "steal" as used above was the legal equivalent of "takes . . . against his will" as used in Article 122, *supra.*

In *United States v. Goudeau,* 44 C.M.R. 438 (A.C.M.R. 1971), the Army Court held that a specification stating that the accused at the time and place alleged did "by means of violence steal from Mr. Kurt Wachutka, against his will a money purse . . . and currency in the amount of Deutsche Marks 60, the property of Mr. Kurt Wachutka," was insufficient to allege robbery. The court concluded that the failure to allege that the accused stole the property from the person or presence of the victim was fatal, citing *United States v. Tamaro,* 16 C.M.R. 610, 611 (A.F.B.R. 1954).

■ It seems clear from the case *sub judice* that the specification does not allege a taking from the person or presence, and it does not allege force, violence or fear. In fact, the specification does not allege any offense against the person of the victim. It alleges only "attempt to rob a wallet, the property of (the victim)." It is thus clearly insufficient to allege an attempt at "aggravated larceny . . . an open and violent larceny . . . an assault." Winthrop's Military Law and Precedents, *supra.*

We are unable to distinguish *United States v. Wright,* 35 C.M.R. 546 (A.B.R. 1964), *pet. den.,* 35 C.M.R. 478, wherein the specification states that appellant at the time and place alleged did:

" . . . attempt to commit the offense of robbery by entering the Wolfgang Roth Insurance and Loan Agency wearing a mask and armed with a pistol."

The Army Board of Review in a well reasoned opinion says:

" . . . merely alleging that the act constituted an attempt at robbery does not end the need to determine whether the facts alleged do set out that, or for

that matter, any offense." 35 C.M.R. at 551.

The Board concluded the specification was void because it failed to allege that the accused attempted to steal property from the person or in the presence of a named individual.

We believe *United States v. Rios,* 4 U.S.C. M.A. 203, 15 C.M.R. 203 (1954), is dispositive. The *Rios* specification failed to allege a taking from the person or presence of the victim. It did allege "by means of putting him in fear." The Court of Military Appeals there states:

" . . . The very touchstone of robbery's gravity, of course, is that it constitutes an offense against the person. *Falden v. Comm.,* 167 Va. 542, 189 S.E. 326. Accordingly, we must conclude that the omission of an allegation that the accused stole property from the person or in the presence of Corporal Ogo constituted a fatal defect. . . . " Citations omitted. 4 U.S.C.M.A. at 206, 15 C.M.R. at 206.

We do not believe the military judge's valiant try to save this defective specification was successful. The military judge by exceptions and substitutions found appellant guilty using the words of the statute. A fatally defective specification may not be so cured.

We conclude that Charge I and the specification thereunder is insufficient to allege attempted robbery. However, we do find that the specification does allege the attempted larceny of a wallet.[3] We will correct the erroneous findings and reassess the sentence.

Only so much of the findings of guilty to Charge I and the specification thereunder are affirmed as finds that the appellant at the time and place alleged did attempt to steal a wallet, of some value, the property of Private First Class L. P. Hage, U.S. Marine Corps, in violation of Article 80, UCMJ, 10 U.S.C. § 880. The remaining

findings, and upon reassessment, the sentence are affirmed.

Senior Judge NEWTON and Judge LAPPIN concur.

---

**3.** Robbery is larceny coupled with an assault. *United States v. Johnson, supra.*