**UNITED STATES**

v.

**Sadiri D. ACADEMIA, 556 08 2027, Aviation Machinist's Mate Second Class (E–5), U. S. Navy.**

**NMCM 82 0605.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 31 July 1981.

Decided 30 July 1982.

LCDR W. P. Caruthers, JAGC, USN, Appellate Defense Counsel.

LT Philip J. Shebest, JAGC, USNR, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GLADIS, BYRNE and MALONE, JJ.

BYRNE, Judge:

Appellant was tried by a general court-martial consisting of officer and enlisted members. Contrary to his pleas, he was convicted of: two specifications of conspiracy, one to commit larceny and the other to violate a general regulation, both violations of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; one specification of violating a general regulation by purchasing controlled items in excess of permitted quantities, a violation of Article 92, UCMJ, 10 U.S.C. § 892; and three other specifications which were dismissed by the convening authority in his action. The members sentenced him to be confined at hard labor for 18 months, to forfeit $250.00 per month for 18 months, and to be reduced

to pay grade E–3. The convening authority's action, after dismissing the three specifications, reduced the sentence to confinement at hard labor for fifteen months, forfeiture of $250.00 per month for fifteen months and reduction to pay grade E–3.

Appellate defense counsel attacks two of the three specifications which remain for our review. These specifications derive their legal efficacy from a general regulation—CINCPACREPPHILINST 4066.7L, dated 24 August 1978. Petty Officer Academia asserts that the Freedom of Information Act requires the contents of CINCPACREPPHILINST 4066.7L to be published in the Federal Register. Because they were not so published, he asserts that the evidence presented at trial was insufficient to prove him guilty of these two specifications as the Government did not prove his *actual* knowledge of the contents of the general regulation. 5 U.S.C. § 552(a)(1).[1] Consequently, the issue in this case may be summarized as follows:

> ARE THE FREEDOM OF INFORMATION ACT'S PUBLICATION REQUIREMENTS APPLICABLE TO PUNITIVE GENERAL ORDERS AND REGULATIONS PROMULGATED WITHIN THE DEPARTMENT OF THE NAVY?

We hold that they are *not* applicable.

The pertinent provisions of the Freedom of Information Act state the following:

. . . . .

> (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public...

. . . . .

> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and

---

1. Under Article 92 of the Uniform Code of Military Justice, actual knowledge of the contents of general orders and regulations need be neither pleaded in a specification nor proven, in order to convict an accused of a violation thereof. *United States v. Tinker*, 10 USCMA 292, 27 CMR 366 (1959).

(E) each amendment, revision, or repeal of the foregoing.

Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published....

5 U.S.C. § 552(a)(1).

The substantive rules and statements of general policy in the act that require publication were interpreted by the Secretary of the Navy to be those "substantive rules of *general applicability* adopted as authorized by law," and those "statements of *general policy* or interpretations of *general* applicability formulated and adopted by the *Department of the Navy*." (emphasis supplied). SECNAVINST 5720.45, Subj: Indexing, public inspection, and Federal Register publication of Department of the Navy directives and other documents affecting the public, 20 May 1975; 32 C.F.R. § 701.56 (Rev.1981).

Further, the Secretary specifically addressed the issue of area/local regulations:

As a normal rule, it is deemed unnecessary to publish in the Federal Register a regulation which is essentially *local* in its scope or application, .... However, such publication of a local directive may be authorized where extraordinary justification exists, as determined by the Chief of Naval Operations or the Commandant of the Marine Corps, as appropriate, with the concurrence of the Judge Advocate General. (emphasis supplied).

*Id.*

Comparing the Freedom of Information Act's clear expressions of limitations upon its applicability with the Secretarial implementation of that Act, we conclude that SECNAVINST 5720.45 correctly implemented the Act.

■ Military personnel, such as the appellant, are *not* members of the public. *See generally Pifer v. Laird*, 328 F.Supp. 649, 652 (N.D.Cal., 1971). CINCPACREPPHILINST 4066.7L is a lawful *local* regulation that governs the control of tax free goods brought onto United States military bases in the Republic of the Philippines. It is *not* an instruction issued at the Secretarial level. It is *not* applicable throughout the Department of the Navy *nor* is it a statement of general policy or an interpretation of general applicability formulated and adopted at the Department of the Navy level.

Consequently, the Freedom of Information Act does not require publication of CINCPACREPPHILINST 4066.7L in the Federal Register, or, in lieu thereof, proof of actual knowledge of the contents of the instruction, in order for it to be punitively applied to Petty Officer Academia.

We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge GLADIS and Judge MALONE concur.

