# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SALADINO[1], and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class GENO R. SELLERS**
**United States Army, Appellant**

ARMY 20130589

Headquarters, U.S. Army Military District of Washington
Michael J. Hargis and James W. Herring, Jr., Military Judges
Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Captain Benjamin W. Hogan, JA (on brief).

17 June 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of dishonorably failing to pay a debt, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. A panel of officer members convicted appellant, contrary to his pleas, of one specification of violating a lawful regulation, one specification of assault of a child under the age of sixteen years, two specifications of assault consummated by a battery, three specifications of adultery, one specification of wrongful cohabitation, and one specification of dishonorably failing to pay a debt, in violation of Articles 92, 128, and 134, UCMJ. The panel sentenced appellant to a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of E-1. The convening authority deferred the adjudged rank reduction and automatic forfeitures until action, approved the adjudged sentence, and waived automatic forfeitures for a period of six months following the action.

---

[1] Judge SALADINO took final action in this case while on active duty.

SELLERS—ARMY 20130589

This case is now before us pursuant to Article 66, UCMJ. One of appellant's assignments of error warrants discussion and relief. In particular, we accept the government's concession that the evidence is factually insufficient to sustain appellant's conviction for violating Article 92, UCMJ. We also discuss appellant's claim, raised personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that he received ineffective assistance of counsel during the pre-sentencing and post-trial portions of his court-martial.

### *Violation of a Lawful Regulation*

In The Specification of Charge I, the government charged appellant with violating a lawful regulation. The government did not allege appellant violated a lawful general regulation, and on appeal the parties appear to agree that the government proceeded under a theory appellant violated Article 91(2), UCMJ, failure to obey a lawful order. Appellant argues the military judge incorrectly instructed the panel as to the maximum punishment between Article 92(1) and Article 92(2) – that is, an eighteen-month difference in the maximum confinement authorized. *See Manual for Courts-Martial, United States* (2012 ed.), Part IV, ¶ 16.e. In response, the government makes the more fundamental observation that the military judge did not instruct the panel on the knowledge element of Article 92(2) – where an accused must have knowledge of the lawful order. *Id.* at ¶ 16.b.(2)(b). The government on appeal also concedes it put forth no evidence as to that element at trial, and consequently the evidence insufficiently establishes appellant's guilt to violating Article 92. We independently note The Specification of Charge I fails to state the offense of violating Article 92(2) because of that missing element. *See United States v. Koepke*, 18 U.S.C.M.A. 100, 103, 39 C.M.R. 100, 103 (1969) ("We hold, therefore, that inasmuch as the specification failed to state that the regulation allegedly violated was a "general" regulation, it was fatally defective with reference to prosecution under Article 92(1). Also, since it did not allege that the accused had knowledge of the regulation, prosecution under Article 92(2) could not be sustained."). As a result, we have multiple bases to grant relief. We grant relief based on the insufficiency of the evidence, given the government's concession.

### *Ineffective Assistance of Counsel*

In a statement made under penalty of perjury submitted with his personal submissions made pursuant to *Grostefon*, appellant makes two allegations of ineffective assistance of counsel. First, appellant argues he received ineffective assistance of counsel when his trial defense counsel, Captain (CPT) TH, did not present sufficient evidence of appellant's medical conditions to the panel during the pre-sentencing hearing. During pre-sentencing, CPT TH introduced evidence of

2

appellant's eligibility for medical retirement. Furthermore, appellant discussed his medical conditions during his unsworn statement.

Upon order from this court, CPT TH submitted an affidavit responding to appellant's claims. His reason for not presenting more evidence of appellant's medical history was his belief that the additional evidence would raise unnecessary questions regarding the legitimacy of appellant's illnesses. Appellant's own statement made under penalty of perjury is not in material factual conflict with CPT TH's affidavit regarding this tactical decision. After reviewing the record, we are convinced CPT TH's tactical decision was reasonable under the circumstances. "Defense counsel do not perform deficiently when they make a strategic decision to accept a risk or forgo a potential benefit, where it is objectively reasonable to do so." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citations omitted). This claim of ineffective assistance of counsel is without merit.

Second, appellant alleges he received ineffective assistance of counsel when CPT TH did not request deferment of confinement on behalf of appellant. Appellant's Post-Trial and Appellate Rights (PTAR) form indicates that appellant wanted his defense counsel to request deferment of confinement. Appellant avers he insisted on CPT TH making this request, despite CPT TH's efforts to dissuade him. On the other hand, CPT TH's affidavit indicates he convinced appellant not to request deferment of confinement.

These statements are thus in material factual conflict. However, we need not order an evidentiary hearing in this case because "the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Appellant has not met his burden of establishing prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (allowing courts to resolve ineffective assistance of counsel claims on the prejudice prong without reaching the deficiency prong). Appellant has not demonstrated a colorable showing of possible prejudice. *United States v. Lee*, 52 M.J. 51 (C.A.A.F. 1999) (applying the standard in *United States v. Wheelus*, 49 M.J. 283, 298 (C.A.A.F. 1998) to claims of post-trial ineffective assistance of counsel) (additional citation omitted).

Appellant had already received considerable deferments from the convening authority, consisting of deferment of rank reduction and deferment of forfeitures until action. Put another way, appellant continued to hold the rank of sergeant first class and was paid as such until action, despite his convictions for assaulting a woman and child, dishonorably failing to pay multiple debts, and conducting numerous adulterous affairs. The convening authority denied appellant's clemency request to reduce his confinement time to time already served. This action indicates

the convening authority was not amenable to altering appellant's adjudged confinement. Lastly, we note that successful requests for deferred confinement in the Army are rare, and those few successful requests we encounter are usually narrowly-tailored for a short amount of time.[2]

### *Reassessment*

Because we set aside the findings of guilt for appellant's Article 92 conviction, we must determine whether we can reassess the sentence. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (establishing a framework to determine whether this court can reassess sentences). The Article 92 offenses did not constitute the gravamen of appellant's misconduct, and we have familiarity with the remaining offenses to be confident the panel would have adjudged the same sentence had the error not occurred. We make this determination cognizant that an officer panel sentenced appellant.

### CONCLUSION

On consideration of the entire record and the assigned errors, the findings of guilty of The Specification of Charge I and Charge I are set aside. Charge I and its Specification are dismissed. The remaining findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Even if appellant were to have a meritorious claim, we are unaware of any remedy that would not be a windfall to appellant. Appellant wanted to defer serving his sentence to confinement. At this point, he has finished serving his confinement (or nearly so). We cannot award appellant back pay because he already received pay at the grade of E-7 until action (and his dependants received an additional six months of pay after action). In our opinion, reducing the confinement is inappropriate where the alleged error involves a request to delay serving confinement.